## 51627. SMITH v. THE STATE.

PANNELL, Presiding Judge.

The defendant was indicted for aggravated assault. During the trial of the case, he admitted pointing a gun at the victim but claimed that the gun fired accidentally. The jury returned a verdict of guilty. The defendant appeals the judgment of conviction.

Appellant contends that the court erred by giving conflicting instruction to the jury with respect to the burden of proof where the defense of accident or misfortune is raised. The trial judge initially charged that the defense of accident or misfortune must be proved by appellant to a preponderance of the evidence. Later, he withdrew the previous instruction, and charged in pertinent part the following: "I want to ask you to disregard everything I have told you previously about misfortune or accident, and I want to recharge as to misfortune or accident and as to the obligations of proof with respect to misfortune or accident. I want you to wipe out of your minds what I told you about misfortune or accident and the proof thereof, or the absence of proof thereof, and substitute this for what I told you previously . . . I further charge you that the burden of proof in this case rests on the state to prove beyond a reasonable doubt that this defense of accident or misfortune does not exist as to either of the offenses which I have defined for you before you would be authorized to convict the Defendant of that offense. *I charge you further that under our law that a person of sound mind and discretion is presumed to intend*

*the natural preferable [sic] consequences of his acts, but this presumption may be rebutted by the evidence."* (Emphasis supplied.)

Appellant's argument focuses on the last sentence of the recharge to the jury. He contends that the court charged the jury that the state had the burden of negating the defense of accident and then charged on "presumed intention." He contends that these are conflicting charges and were confusing to the jury. We do not agree that there was any conflict in the court's recharge to the jury.

The court charged the jury that the state must prove beyond a reasonable doubt that the defense of accident or misfortune does not exist. *Assuming* that this charge was proper, it was certainly favorable to the accused and one of which he cannot complain.

The judge then charged the provisions of Code § 26-604. This section states as follows: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted." "We think the law is very clear that the natural and probable consequences flowing from an act are to be presumed, but such presumption may be rebutted. This is a very different thing from saying that the act producing the consequences is presumed to be a criminal act or is presumed to be a violation of the law. An act producing consequences will not be presumed to be criminal, and it is for the trier of fact to determine whether such act is criminal. Furthermore, the burden is upon the state to prove that the act alleged to be criminal is in fact a criminal act beyond a reasonable doubt." *Kramer v. State,* 230 Ga. 855, 856 (199 SE2d 805).

The charge in this case placed the burden on the state to prove that the act which produced the consequences was a *criminal* act. The jury was then charged that a person is presumed to intend the natural consequences of his acts. There was no charge which would lead the jury to believe that a man is presumed to act with criminal intention.

We find no harmful error in the court's charge to the jury. It follows that appellant's enumerated error is without merit.

*Judgment affirmed. Evans and Marshall, JJ.,*

578

*concur.*

SUBMITTED JANUARY 6, 1976 — DECIDED FEBRUARY 12, 1976.

*Robert D. Peckham, Jack H. Affleck,* for appellant.
*Harry N. Gordon, District Attorney, B. Thomas Cook, Jr., Assistant District Attorney,* for appellee.