27255.   CALLAHAN v. THE STATE.

738

Submitted June 13, 1972—Decided November 17, 1972.

*Reuben A. Garland, Edward T. M. Garland, Hester & Hester, Frank B. Hester,* for appellant.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman, John Nuckolls, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Thomas W. Greene, Deputy Assistant Attorney General,* for appellee.

Grice, Presiding Justice. This appeal by Matthew Callahan, Jr., is from the judgment and conviction in the Superior Court of Fulton County of murder and burglary wherein he was sentenced to death by electrocution and twenty years to follow, and it is also from the denial of his amended motion for new trial.

■ The verdict of guilty is amply supported by the evidence. There was testimony that the victim, a young, inexperienced police officer, responded to a burglar alarm; that upon apprehending two men, one the appellant, he was disarmed and thrown to the ground; that both men violently and repeatedly stomped him unconscious; and that the appellant then pointed the pistol in the victim's face and fired it three times. The victim died several hours later. The general grounds are clearly without merit.

■ The appellant's contention that the trial court erred in denying him forty peremptory challenges to the jurors impaneled to try him for the consolidated trial, thereby deny-

ing his constitutional rights, is not valid.

He argues that since he was charged in two separate indictments with murder and burglary and tried under them at the same time, he was entitled to forty peremptory challenges under *Code* § 59-805. This section recites in essential part that "Every person indicted for a crime or offense which may subject him to death or imprisonment in the penitentiary for not less than four years may peremptorily challenge 20 of the jurors impaneled to try him . . ."

It should be borne in mind that the Criminal Code of Georgia provides that "If the several crimes arising from the same conduct are known to the proper prosecuting officer at the time of commencing the prosecution and are within the jurisdiction of a single court, they must be prosecuted in a single prosecution," except that "the court in the interest of justice may order that one or more of such charges be tried separately." *Code Ann.* § 26-506 (b, c) (Ga. L. 1968, pp. 1249, 1267). See *Henderson v. State,* 227 Ga. 68 (1) (179 SE2d 76), where, as here, the evidence to be submitted to the jury as to two separate offenses constituted a single transaction.

In the situation under review the appellant went to trial on both indictments without objection, except the request for the additional challenges. Also, when this request ·was denied he made no motion for separate trials.

It has long been the law in this State: "That an indictment contains more than one charge in its several counts does not authorize an increase in the number of peremptory challenges allotted the defendant." *Reynolds v. State,* 101 Ga. App. 715 (2) (115 SE2d 214). See also *York v. State,* 42 Ga. App. 453 (3) (156 SE 733); *Meriwether v. State,* 63 Ga. App. 667 (3) (11 SE2d 816).

There is no reason why the foregoing rule as to counts should not be applied to a trial upon multiple offenses. We so hold.

■ The trial court did not err in denying the appellant's motion to exclude the recorded radio voice transmission of the deceased victim made while proceeding to the scene of

the homicide. The appellant urges that this recorded transmission heard by the jury violated his constitutional right of cross examination and confrontation of witnesses under the Federal and State Constitutions (*Code* §§ 1-806, 2-103, 2-105). State's counsel stated to the court that this evidence was being offered to explain the conduct of the victim in going to the scene of the homicide and as part of the res gestae. Therefore the court allowed it only for the purpose of explaining conduct to the satisfaction of the jury and not for the purpose of proving any fact.

This admission was proper, rendering the evidence not hearsay but as original evidence. *Code* § 38-302.

The evidence was also admissible as forming part of the res gestae. The victim's voice transmission made while proceeding to the scene together with the events occurring there only moments later constituted the transaction under investigation. *Code* § 38-305. The death of the person making such statement is no ground for its exclusion. *Augusta Factory v. Barnes*, 72 Ga. 217 (5b) (53 AR 838).

Therefore no rights of the appellant were violated as to this feature.

■ It is also insisted that the court erred in ruling, after a hearing out of the presence of a jury, that an alleged oral and written confession was voluntarily made, in allowing testimony thereof, in reading it to the jury, in admitting it into evidence, and in denying the motion to suppress evidence thereof in violation of *Code* § 38-411 as to voluntariness of confessions; Art. I, Sec. I, Par. IX of the Georgia Constitution (*Code Ann.* § 2-109), which prohibits persons from being abused in being arrested, while under arrest, or in prison; and due process of law as provided by the Federal and State Constitutions (*Code* §§ 1-815 and 2-103).

When this matter first arose, the court conducted a hearing outside the presence of the jury in accordance with Jackson v. Denno, 378 U. S. 368 (84 SC 1774, 12 LE2d 908, 1 ALR3d 1205).

During this hearing a detective sergeant testified as to the events leading up to and including the oral and written

confession involved. He swore, in substance, that he talked with the appellant in an interrogation room while the appellant's father was present; that the father urged the appellant to tell the officer the truth and that he finally said "Okay"; that at that point the detective interrupted and told the father that the appellant would have to be advised of his rights before he made any statement; that both he and the father read to the appellant a waiver of counsel document which the appellant then signed; that the detective offered to obtain an attorney for him before he signed it; that the appellant first made an oral statement and later a second one which was reduced to writing by another detective, which the appellant, the father and the detective all signed; that neither he nor anyone in his presence threatened the appellant in any way or promised him any reward if he would make the statement; and that the appellant was not under the influence of drugs. The waiver of counsel document shows that the appellant was given all the warnings required by Miranda v. Arizona, 384 U. S. 436 (86 SC 1602, 16 LE2d 694, 10 ALR3d 974).

The appellant and the codefendant both testified that he was beaten while at home and at police headquarters prior to making the statements above referred to. His father and his attorney also swore that the appellant told them that he had been beaten and that they both saw the injuries he complained of. The attorney testified that as a result he filed a request for a physical examination for the appellant which was not made until three or four days later.

However, several detectives testified that the appellant was not beaten. One policeman did testify that while escorting him to the patrol car he hit the appellant once when he made an apparent effort to break away.

The trial court, after hearing the foregoing testimony, was authorized to determine that the signed confession was freely and voluntarily given. This complied with the requirements of Jackson v. Denno, 378 U. S. 368, supra. Therefore the court properly permitted introduction in evidence of the statement and the facts surrounding it for the

jury's consideration. See *Walker v. State*, 226 Ga. 292 (3) (174 SE2d 440).

This enumeration is not meritorious.

■ The contention that the trial court erred in allowing proof of an unrelated crime to be presented to the jury, and thereby put the appellant's character in evidence contrary to specified constitutional provisions (*Code* §§ 1-815, 2-103), cannot be sustained. This enumeration is predicated upon motions for mistrial complaining of introduction of evidence as to an improper license tag and inspection sticker on an automobile used by the appellant. This evidence was offered as proof of the general scheme or plan to commit a burglary. It in no way put the appellant's character in issue. Furthermore, this enumeration is deemed to be abandoned since it was not argued before this court. See Rule 18 (c) (2) of this court.

■ The appellant contends in substance that the trial court erred in imposing the death penalty upon him, insisting that such punishment is cruel and unusual and therefore contrary to the Eighth Amendment and other provisions of the Federal and State Constitutions.

This court has on numerous occasions upheld the death penalty in the face of repeated attacks made upon it; e.g., *Furman v. State*, 225 Ga. 253 (4) (167 SE2d 628); *Jackson v. State*, 225 Ga. 790 (171 SE2d 501); *Johnson v. State*, 226 Ga. 378 (174 SE2d 902).

However, the Supreme Court of the United States in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), rendered since the instant appeal reached this court, held that the death penalty as presently imposed and carried out, does violate such constitutional provisions and therefore cannot be imposed.

In view of the foregoing decisions we hold that the enumeration of error complaining of the imposition of the death penalty in the instant murder case is valid.

Direction is given to the trial court as follows: The presiding judge in the trial court shall enter a judgment sentencing the defendant to be imprisoned for the balance of

his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law.

Under decisions exemplified by *Fowler v. Grimes*, 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that the defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*