27312. SIRMANS v. THE STATE.

ARGUED JULY 10, 1972—DECIDED NOVEMBER 17, 1972.

*P. C. Andrews, Jr.*, for appellant.

*George A. Horkan, Jr., District Attorney, Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, Assistant Attorney General, Frank M. Palmour, Deputy Assistant Attorney General*, for appellee.

GRICE, Presiding Justice. The appellant, James Paschal Sirmans, Jr., appeals from a judgment, conviction and sentence for the murder of Willie Mae Sirmans. He was indicted by the grand jury of Thomas County, tried and convicted by the superior court of that county. Sentence of death was imposed therein. No motion for new trial was filed but he asserts three enumerations of error.

■ The first is that the trial court erred in admitting into

evidence over objection a photograph of the nude body of the victim on a slab in a mortuary.

The objection was that the photograph was prejudicial, irrelevant and not necessary for the trial of the case.

In support of this enumeration the appellant urges in substance the following: that the photograph is not material to any issue because the location of the wound is not shown thereby; that the victim was fully clothed when she died elsewhere; that other exhibits show the location of the wound and the surrounding circumstances; that the photograph was introduced for the purpose of inflaming the jury; that the wound was a single one at the edge of the victim's mouth; that the undressing of the body, the photographing of it in color hours later and exhibiting it had no purpose other than to prejudice the jury; that there must be some probative value to evidence of an inflammatory nature to authorize its introduction and that an irrelevant and immaterial fact or display intended solely for the purpose of inflaming the jury is ground for reversal.

We do not regard the introduction of this photograph as error.

The type and location of the wound causing death was a material issue here.

The undisputed testimony was that the victim died of a gunshot wound in the head; that the appellant inflicted this wound; that this wound was identified by the coroner as the cause of death; and that the photograph complained of accurately depicted the condition of the victim's body and was a true representation of the wound.

In *Johnson v. State*, 226 Ga. 511, 512 (175 SE2d 840) this court said: "The photographs were admissible to show the condition of the body of the deceased and the nature and extent of his wounds, and were used to illustrate medical testimony as to the cause of death of the deceased. They were not inadmissible because they might inflame the jury, as they were relevant and material to the issue. [Cit.]" What was said there applies here.

This enumeration is not meritorious.

■ ■ The second and third enumerations of error aver that the trial court erred in failing to charge as requested upon voluntary manslaughter and involuntary manslaughter.

The trial court declined upon the ground that they were not authorized by the evidence or the appellant's unsworn statement.

The evidence offered by the State established that the appellant killed his wife without any provocation whatsoever following an extended argument and therefore committed murder.

The appellant produced no witnesses and his only defense was that presented in his unsworn statement, which in material part was the following: "I went and opened the trunk of the car, got the gun out and loaded it up. I handed it to her and said, 'Do it now!' She wouldn't do nothing. I said 'You want me to turn?' So I turned. When I looked back, she had the gun pointed toward herself. I grabbed the gun and that was when the bullet went off."

Thereupon the trial court charged the jury upon only two theories of homicide, murder and accident.

We conclude that the trial court was correct as to this.

The situation here is controlled by such cases as *Plummer v. State*, 200 Ga. 641, 645 (38 SE2d 411), wherein this court held: "The State's evidence showed that the homicide was an unprovoked murder. The defendant in his statement claimed that it was unintentional, and the result of an accident. Therefore, there was no grade of manslaughter in any way involved in the case, and the court did not err in failing to charge [on voluntary or involuntary manslaughter]." See also *Hicks v. State*, 216 Ga. 574 (2), (3) (118 SE2d 364).

This enumeration is also not valid.

■ In view of the recent decision by the Supreme Court of the United States in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346), and related cases, which prohibits further imposition of the death penalty under existing statutes, direction is given to the trial court as follows:

The presiding judge in the trial court shall enter a judg-

ment sentencing the defendant to be imprisoned for the balance of his life, this being the only lawful sentence which may be entered upon the conviction and finding of the jury that the defendant should receive the maximum sentence permitted by law.

Under decisions exemplified by *Fowler v. Grimes,* 198 Ga. 84, 92 (31 SE2d 174), it is not necessary that the defendant be present in open court or represented by counsel. However, direction is given that the defendant and his counsel of record be served with a copy of the life sentence within five days from the date of entry.

*Judgment affirmed with direction. All the Justices concur.*