## 28235. MORGAN v. THE STATE.

MOBLEY, Chief Justice. Michael Morgan was charged with the murder of his father and mother. His wife, Hollis Wingo Morgan, his brother, Steven Morgan, Robert Howard, and Bob Shaw were jointly indicted with him. He was tried separately. The jury found him guilty and gave him a death sentence. He appeals from his conviction and sentence, and from the denial of his motion for new trial.

1. It was not error to overrule the general grounds of the motion for new trial.

2. The only ground of the amendment to the motion for new trial was as follows: "The jury was removed from Forsyth County to Hall County out of the jurisdiction of the bailiffs and court without the knowledge or consent of the defendant or counsel." No evidence was submitted to substantiate this ground, and it was not error to overrule it.

3. It is contended that the court erred in admitting in evidence the confessions and admissions of the appellant. A hearing was held by the trial judge, out of the presence of the jury, on the question of the admissibility of these statements. The evidence authorized the judge to find that the constitutional rights of the appellant were not violated in obtaining these statements, and that they were freely and voluntarily made.

4. The appellant asserts that the court erred in admitting confessions of co-conspirators made after the enterprise had ended.

The statements of Robert Howard, Hollis Wingo Morgan, and Bob Shaw, made to investigating officers during the investigation of the murders, were allowed in evidence over the objection of appellant that the conspiracy had ended, and under Code § 38-414 the statements were not admissible. These co-indictees of the appellant did not testify at the trial. The state urged that the statements were admissible because at the time they were made the identity, or the extent of the participation, of all the perpetrators of the crime had not been determined, and the conspiracy was still in existence. See *Evans v. State,* 222 Ga. 392, 402 (150 SE2d 240).

The admissions and confessions of the appellant introduced in evidence showed that he had hired Robert Howard to kill his father and mother. The murders were committed in an extremely savage and brutal manner. There was evidence in the case that corroborated the appellant's admissions and confessions. The appellant made no statement on the trial, and offered no defense except testimony purporting to show that he was insane at the time of the commission of the crimes. Even if the statements of the co-conspirators were not properly admitted on the trial, their admission was harmless error beyond a reasonable doubt under the circumstances of this case. *Burns v. State,* 191 Ga. 60, 73 (11 SE2d 350).

5. It is contended that the court erred in submitting the death penalty as an alternative to the jury, in that the penalty was an illegal and unconstitutional punishment at that time. The appellant was convicted on August 19, 1972.

The death sentence of the appellant must be vacated and a judgment entered sentencing him to be imprisoned for the balance of his life. Direction is given that the appellant and his counsel of record be served with a copy of the life sentence within five days from the date of entry. See *Sullivan v. State,* 229 Ga. 731 (194 SE2d 410); *Howard v. State,* 231 Ga. 186.

*Judgment of conviction affirmed; sentence reversed, with direction. All the Justices concur, except Gunter and Ingram, JJ., who dissent.*

ARGUED SEPTEMBER 12, 1973 — DECIDED OCTOBER 25, 1973.

*Emory Lipscomb, III, Mobley F. Childs,* for appellant.

*C. B. Holcomb, District Attorney, B. B. Robertson, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, Assistant Attorney General, G. Stephen Parker, Deputy Assistant Attorney General,* for appellee.

INGRAM, Justice, dissenting. I must respectfully dissent to Division 4 of this court's opinion and to the judgment affirming the conviction of this defendant. The record clearly shows constitutional errors of magnitude in the trial of the case which cannot be overlooked under our system of law despite the brutal nature of the killings shown by the evidence. The confessions of co-conspirators Robert Howard, Hollis Wingo Morgan and Bob Shaw made to investigating officers during the investigation of these two murders were allowed in evidence to the jury trying this case. These statements made by co-indictees of the appellant were

read to the jury on behalf of the prosecution (over objection by defendant's counsel) on the theory that at the time they were made, the identity, or the extent of participation, of all the conspirators had not been determined and therefore the conspiracy was still in existence, making the statements admissible under Code § 38-306.

These statements amounted to confessions and directly incriminate the defendant-appellant. The co-indictees, who made these unsworn, out-of-court confessions, did not testify at the appellant's trial and the record fails to show their unavailability. Thus, the appellant never had an opportunity to confront and cross examine these three witnesses against him either at the time they made the statements incriminating him or at the time they were read to the jury by an investigating officer of the State as a witness for the prosecution.

The basic constitutional rights of none are safe unless these same rights are extended to all. We are duty-bound to apply these constitutional rights to defendants in state trials under plain mandates from the United States Supreme Court. In Pointer v. Texas, 380 U. S. 400, 403 (85 SC 1065, 13 LE2d 923), that court stated: "The Sixth Amendment's right of an accused to confront the witnesses against him is . . . a fundamental right and is made obligatory on the States by the Fourteenth Amendment." The court went on to say (p. 404), ". . . the right of cross examination is included in the right of an accused in a criminal case to confront the witnesses against him." In Douglas v. Alabama, 380 U. S. 415 (85 SC 1074, 13 LE2d 934), the U. S. Supreme Court reversed an Alabama conviction, approved by its highest court, on the ground that the defendant's inability to cross examine his alleged accomplice on his confession implicating the defendant denied him the right of cross examination secured by the confrontation clause of the Sixth Amendment. The court observed in that case that cross examination of the police officers on the question of the genuineness of the confession "could not substitute for cross examination of [the alleged accomplice] to test the truth of the statement itself." Id., p. 420. I fail to perceive why these principles of law are not applicable in the present case. It is my view that we have no alternative but to apply them here, regardless of the personal revulsion we may feel from the circumstances of the crimes themselves.

An additional failure of the co-conspirators' confessions as admissible evidence in this case is the silence in the record on the

unavailability of these conspirators as witnesses. It is true they were also under indictment for murder and it is reasonable to assume they would refuse to testify under their Fifth Amendment right to remain silent. But the record does not disclose any showing why they were not called as witnesses. In order to introduce any hearsay statements of an absent declarant, the State must first show his bona fide unavailability as a witness. Mancusi v. Stubbs, 408 U. S. 204 (92 SC 2308, 33 LE2d 293). This requirement can be satisfied by showing to the court that the witness will refuse to testify under his Fifth Amendment right to remain silent. See *Park v. State,* 225 Ga. 618 (170 SE2d 687).

The majority opinion refers us to the case of *Evans v. State,* 222 Ga. 392 (150 SE2d 240). That case went on to the Supreme Court of the United States and that court affirmed the conviction of the defendant. See Dutton v. Evans, 400 U. S. 74 (91 SC 210, 27 LE2d 213). This trial involved an out-of-court statement, not under oath, and not subject to cross examination that was admitted in evidence under Code § 38-306, the same provision we are dealing with in this case. The Supreme Court made it clear in its opinion that one major reason it had for affirming the conviction was that the declaration there involved was not "crucial" or "devastating." That declaration was not a confession and was not a major part of the prosecution's case relied on for conviction. There were 19 other prosecution witnesses in the *Evans* case, one of whom (another alleged accomplice) gave detailed eyewitness testimony of the crime and the participation of the accomplice who made the declaration and of the defendant Evans. It is also important to note that in its opinion in Dutton, supra, the U. S. Supreme Court concluded that to be admissible a declaration of an absent co-conspirator must meet several tests of reliability which it found in that case. The declaration must not be "crucial" or "devastating." The declaration must not be made in the coercive atmosphere of official interrogation and it has to be a spontaneous declaration. Still, another of the indicia noted in the opinion is that the declaration not involve assertions about past facts and that under the circumstances there was no reason to believe it was not truthful. See Dutton v. Evans, supra, pp. 87-89. Obviously, the confessions given to an investigating officer of the State in this case by co-conspirators directly incriminating the appellant do not meet the standards imposed in Dutton v. Evans, supra.

The majority opinion of the court in the instant case concludes

that: "Even if the statements of the co-conspirators were not properly admitted on the trial, their admission was harmless error beyond a reasonable doubt under the circumstances of this case." I cannot agree. I interpret the decision of the U. S. Supreme Court in Dutton v. Evans, supra, to be a confrontation—harmless error case dealing with Georgia's co-conspirator declaration rule. Thus, for error in this area to be harmless it must meet the requirements found with respect to the declaration considered in Dutton. As we have seen, the confessions of the co-conspirators here do not have the indicia of reliability required by the Dutton decision. There is yet another reason why I cannot regard the admission of these confessions by co-conspirators as harmless error beyond a reasonable doubt. The State relied on a confession by the defendant and the trial judge, after a preliminary Denno hearing outside the jury's presence, admitted the confession for submission to the jury's determination as to its voluntariness and truthfulness. While this was the proper procedure for handling the defendant's confession, the confessions of the co-conspirators substantiated the voluntariness and truthfulness of the defendant's confession and removed any probability that the jury might seriously consider the defendant's confession either was involuntary or inaccurate. This compromised the defendant's right to have the jury consider whether his confession was voluntary and whether it was reliable. So the error was compounded in light of the state's reliance upon the confessions of not only the co-conspirators but also the defendant's confession. If the Georgia statute is taken literally in these circumstances, so that the declarations of one conspirator during the conspiracy must be regarded as the declaration of the other conspirator, we have in effect "four" confessions by the defendant in this case. I cannot see how this result can be regarded as harmless error beyond a reasonable doubt.

The trial court properly followed prior rulings of this court. However, I must also point out that I would reverse the conviction in this case upon a further ground, not dealt with in the majority opinion. The defendant relied on a defense of insanity at the time of the commission of the crimes. The trial court charged the jury that the defendant had the burden of establishing his insanity by a preponderance of the evidence (Vol. III, p. 465, trial transcript). This error is of constitutional gravity and cannot be ignored. The reasons that I regard this instruction to be error are set forth in some detail in my dissent in *Grace v. State,* 231 Ga. 113, and will not be repeated here.

For the reasons stated, I conclude this defendant did not receive a trial unfettered with constitutional infirmities and therefore respectfully dissent to the majority opinion.

I am authorized to state that Justice Gunter joins in this dissent.