## 30784. STEPHENS v. THE STATE.

HALL, Justice.

Alpha Otis O'Daniel Stephens was convicted of murder in the Superior Court of Bleckley County on January 20-21, 1975, and sentenced to death. The conviction and sentence are before this court on appeal and for mandatory review of the death sentence.

### I. Factual Summary

Stephens escaped from the Houston County, Georgia, jail and sometime thereafter on August 21, 1974, went to the home of Charles Asbell in Twiggs County allegedly accompanied by another man. Charles Asbell was not at home at the time and Stephens broke into the house wherein he located a .357 magnum pistol, which he loaded, and a number of other weapons, which he placed in a 1972 Dodge.

While the burglary was proceeding, Roy Asbell, Charles Asbell's father, drove up in his Ford Ranchero. Stephens' later statement to officers was that Asbell said, "What are you niggers doing in my house?", and seeing rifles in Stephens' automobile, pulled his gun. Stephens ran to Asbell's car, jerked Asbell out of the car, and hit him in the face several times. Asbell begged not to be hit any more. Stephens is 6 feet, 2 inches tall, while Asbell was 5 feet, 6 inches, and at that time Asbell was crippled as the result of a tractor accident. Asbell usually carried several hundred dollars on his person, and when he offered Stephens money in exchange for his life, Stephens took the offered money and kicked Asbell again.

Stephens hit Asbell with the pistol, knocking him back into the Ranchero and told his alleged partner to kill him if he moved. They drove approximately three miles to a pasture, where they stopped and Asbell got out of the car and tried to escape. He hobbled to an abandoned building being used as a barn, but Stephens took the .357 magnum and ran after him. He took more money from Mr. Asbell and then placed the pistol in his ear and fired twice. Both bullets passed through Asbell's skull and exited at his right temple, causing his death. An autopsy showed that he sustained a broken jaw and several skull fractures.

A trail of evidence connected Stephens to the crime.

In pre-trial statements to police, he confessed this crime fully, as well as a string of other serious crimes which he committed after his escape and before the Asbell murder. He presented no defense at trial. During the hearing on sentence, however, he testified that his partner fired the fatal shots.

## II. Enumeration of Errors

Although Stephens alleges 14 enumerations of error, he argued only the unconstitutionality of the death penalty. The other enumerations would normally be considered abandoned pursuant to Rule 18 (c)(2) of this court (*Lynch v. State,* 234 Ga. 446, 449 (216 SE2d 307) (1975)), but because this is a death case, this court has carefully studied the enumerations. Our conclusion is that no reversible error has been made to appear by any enumeration. We will consider in more detail, as a part of our sentence review, the allegation that the voir dire testimony was not transcribed.

Stephens attacks the constitutionality of the 1973 death penalty procedure as set forth in Code Ann. §§ 27-2534.1 and 27-2737 (Ga. L. 1973, p. 159 et seq.) because of the discretion it allows in deciding whether or not death should be imposed. This issue was addressed by this court in the first case decided under the statute (*Coley v. State,* 231 Ga. 829 (204 SE2d 612) (1973)), wherein we determined that the statute is not unconstitutional because it provides for rational discretion and evenhanded justice in narrowing the guidelines under which the penalty may be adjudged. No matter presented by Stephens convinces us to change that determination of constitutionality. See also *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577) (1974); *House v. State,* 232 Ga. 140 (3) (205 SE2d 217) (1974); *Eberheart v. State,* 232 Ga. 247 (1) (206 SE2d 12) (1974).

## III. Sentence Review

We have reviewed the sentence as required by Code Ann. § 27-2537 (c) (1-3) (Ga. L. 1973, p. 159 et seq.), as we did in *Coley v. State,* supra, and in each subsequent case involving the death penalty under this statute. In *Ross v. State,* 233 Ga. 361 (211 SE2d 356) (1974) and in *Owens v. State,* 233 Ga. 869 (214 SE2d 173) (1975), we recognized the need for this court to review the voir dire examination

to determine whether the sentence of death was imposed under the influence of passion, prejudice or any other arbitrary factor, in cases where potential jurors were excused for conscientious scruples against imposition of the death penalty. We must determine if the standards of jury selection applicable in death cases were met as required by Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968), as amplified in Boulden v. Holman, 394 U. S. 478 (89 SC 1138, 22 LE2d 433) (1908), and Maxwell v. Bishop, 398 U. S. 262 (90 SC 1578, 26 LE2d 221) (1969). We permitted supplementation of the trial transcript in *Coker v. State,* 234 Ga. 555 (216 SE2d 782) (1975) to the extent of establishing that no jurors had been excused for conscientious objection to capital punishment. We reach the same decision in this case, where the voir dire was not transcribed at the time of trial and the trial court supplemented the record pursuant to Code Ann. § 6-805 (d) and (f). The supplement establishes that no prospective juror was excused for cause because he was opposed to the imposition of capital punishment. Although our consideration was not limited to this issue alone, we conclude that the sentence of death imposed here was not imposed under the influence of passion, prejudice, or any other arbitrary factor.

We have considered the aggravating circumstances found by the jury and the evidence concerning the crime introduced in court. The jury found the following statutory aggravating circumstances: (1) The murder was committed by a person with a prior record of conviction for a capital felony; the offense of murder was committed by a person who has a substantial history of serious assaultive criminal convictions. Code Ann. § 27-2534.1 (b) (1). (2) The murder was committed by a person who has escaped from the lawful custody of a peace officer and place of lawful confinement. Code Ann. § 27-2534.1 (b) (9).

In *Arnold v. State,* 236 Ga. 534, 542 (1976), we held that "the portion of Code Ann. § 27-2534.1 (b) (1), which allows for the death penalty where a 'murder (is) committed by a person who has a substantial history of serious assaultive convictions,' is unconstitutional and, thereby, unenforceable." In *Arnold,* that was the sole aggravating circumstance found by the jury. In this case,

the evidence supports the jury's findings of the other statutory aggravating circumstances, and consequently the sentence is not impaired.

Stephens argues that under the state's new death penalty statute, there is no meaningful basis for distinguishing the few cases in which death is imposed from the many cases in which it is not, and this was the flaw invalidating the statute in Furman v. Georgia, 408 U. S. 238 (92 SC 2726, 33 LE2d 346) (1972). We cannot agree. In performing the sentence comparison required by Code Ann. § 27-2537 (c) (3), this court uses for comparison purposes not only similar cases in which death was imposed, but similar cases in which death was not imposed. One result of this comparison was shown in *Coley v. State,* 231 Ga. 829, supra, p. 835, in which we ruled that on the facts of that rape case, death was disproportionate to the life penalties imposed by juries confronted with similar circumstances in other rape cases; and another in *Gregg v. State,* 233 Ga. 117, 127 (210 SE2d 659) (1974), in which we ruled similarly that death for armed robbery was disproportionate. A further description of the method by which sentence comparisons are made appears in *Ross v. State,* 233 Ga. 361, 364-367 (211 SE2d 356) (1974). Stephens' contention is without merit.

We have compared the evidence and sentence in this case with similar cases contained in the appendix attached to this opinion. Alpha Otis O'Daniel Stephens' sentence to death for murder is not excessive nor disproportionate to the penalty in similar cases considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED JULY 12, 1976 — DECIDED JULY 14, 1976.

*Hugh Lawson,* for appellant
*Albert D. Mullis, District Attorney, Arthur K. Bolton, Attorney General, Harrison Kohler, Staff Assistant Attorney General,* for appellee.

APPENDIX

Similar cases considered by the court: *Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1970); *Pass v. State,* 227 Ga. 730 (182 SE2d 779) (1971); *Watson v. State,* 229 Ga. 787 (194 SE2d 407) (1972); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431) (1972); *Sirmans v. State,* 229 Ga. 743 (194 SE2d 476) (1972); *Scott v. State,* 230 Ga. 413 (197 SE2d 338) (1973); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Howard v. State,* 231 Ga. 186 (200 SE2d 755) (1973); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Morgan v. State,* 231 Ga. 280 (201 SE2d 468) (1973); *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976).

ON MOTION FOR REHEARING.

HALL, Justice.

The foregoing opinion and judgment were vacated on June 29, 1976 and the case was scheduled for oral argument on July 12, 1976, pursuant to the representations made to this court by counsel for appellant that he did not receive a copy of our February 1976 oral argument calendar showing the scheduling of his case for argument, and did not intentionally waive argument by failing to appear.

Subsequent to our June 29 action, the United States Supreme Court, on July 2, 1976, upheld the constitutionality of the Georgia capital punishment statute against just the kinds of attacks appellant raised on this appeal. Gregg v. Georgia, — U. S. — (No. 74-6257, decided July 2, 1976). At oral argument on July 12, 1976, after conceding the impact of Gregg upon his arguments, counsel for appellant urged for our consideration only one point — that during voir dire one juror was improperly excused.

The trial record, as supplemented pursuant to Code Ann. § 6-805 (d) and (f), reflects that this juror was struck

by the state's using one of its peremptory strikes. Even if the questioning of this juror had been defective under Witherspoon v. Illinois, 391 U. S. 510 (88 SC 1770, 20 LE2d 776) (1968), error would not result because the juror was not excused for cause.

No reason appearing which would call into question our opinion and judgment entered in this case on June 10, 1976, the same are reinstated.

*Opinion and judgment reinstated. All the Justices concur, except Gunter, J., who dissents.*