## 31846. GADDIS v. THE STATE.

UNDERCOFLER, Presiding Justice.

This is a companion case to *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976) and *Reed v. State,* 238 Ga. 457 (233 SE2d 369) (1977). Following trial by jury in Jefferson County, Bobby Gene Gaddis was found guilty of two counts of burglary, two counts of armed robbery, and two counts of murder. He was sentenced to 20 years for each count of burglary, to life for each of the offenses of armed robbery and to death for each of the offenses of murder.

The case is before this court on appeal and for review of the death sentences. The facts of this case are reported in the *Birt* opinion and some of the legal issues reviewed in *Birt* and *Reed* have been considered in this case including a review of the sentence. Only those additional facts and legal considerations necessary to address the enumerations in this case will be recited.

### I. Enumeration of Errors

1. In Enumeration 1 the appellant alleges the court erred in excluding from the jury those jurors who were opposed to capital punishment.

The appellant contends that to exclude three jurors who were opposed to capital punishment deprived the appellant of a fair cross-section of citizens of the community. He cites as authority for this proposition Davis v. Georgia, 429 U. S. 122 (1976).

The Davis case was based on Witherspoon v. Illinois, 391 U. S. 510 (1968). The Davis case held only that "Unless a venireman is 'irrevocably committed, before the trial has begun, to vote against the penalty of death regardless of the facts and circumstances that might emerge in the course of the proceedings' (391 U. S. at 522 n. 21), he cannot be excluded; if a venireman is improperly excluded even though not so committed, *any subsequently imposed death penalty cannot stand."* (Emphasis supplied.)

Appellant's point was raised in the next case after Witherspoon in Bumper v. North Carolina, 391 U. S. 543 (1968) and the court held: "Petitioner has adduced no

evidence to support his claim that a jury from which those who are opposed to capital punishment or have conscientious scruples against imposing the death penalty are excluded for cause is necessarily 'prosecution prone' warranting reversal of his conviction for denial of his Sixth and Fourteenth Amendment rights to an impartial jury. . . Accordingly, we decline to reverse the judgment of conviction upon this basis." Likewise the appellant in the case sub judice has adduced no evidence to support his claim and this enumeration is without merit.

2. In Enumeration 2 the appellant alleged, "The Court committed reversible error when it denied appellant's 'Timely Motion,' to sever and try separately indictment number 23, from indictments numbered 24, 25, 26, and 27; since indictment number 23 was clearly a separate offense against the State, and was in no-wise connected from the offenses charged in the foregoing indictments," and in Enumeration 4 that "The Court compounded its prior reversible error when it failed to direct a verdict of not guilty in indictment number 23, because there was insufficient evidence to support a conviction."

Substantially the same evidence was presented and these same motions made in *Reed v. State,* supra. We there held the motion to sever to be without merit because there was some evidence, though slight and circumstantial to connect Birt, Reed, and the appellant Gaddis together in a conspiracy to burglarize the Haymon residence, as alleged in indictment 23 indicating one continuing conspiracy for a criminal assault on the Wrens community involving both the Friday night burglary and the Saturday night burglary and murder. The evidence linking Gaddis with the offense on Friday (burglary of the Haymon residence) was some stolen material found in the car that had been borrowed by Birt who was accompanied by Gaddis.

In accord with our conclusion in the *Reed* case we hold that the circumstantial evidence was insufficient to exclude every reasonable hypothesis except that of guilt (Code Ann. § 38-109); therefore, the conviction on indictment number 23 must be reversed. See *Smith v.*

*State,* 230 Ga. 876 (199 SE2d 793) (1973).

3. In Enumeration 3, the appellant alleges, "The Court committed reversible error in failing to strike the testimony of witnesses Tapley, Leosher and Davis, since they were *admitted* conspirators with each other and *alleged* conspirators of appellant, and there was no other evidence to prove the conspiracy independent of their testimony." Additionally, in Enumeration 5, "The court committed reversible error in denying appellant's 'Motion for New Trial,' and failing to direct a verdict of not guilty as to indictments numbered 24, 25, 26, and 27, as the state failed to introduce sufficient evidence to corroborate the perjured testimony of witness Davis to connect appellant to the offenses charged in said indictment."

In the companion case of *Birt v. State,* supra, at pp. 821, 824, this court considered these exact allegations concerning both admissibility and sufficiency and found there was sufficient admissible testimony from which the jury could find corroboration. See also *Baker v. State,* 238 Ga. 389 (233 SE2d 347) (1977).

Enumerations 3 and 5 are without merit. Enumeration 8, which is a duplication of Enumeration 5, thus also does not merit further consideration.

4. In Enumeration 6, the appellant alleges, "The court committed reversible error in not directing the State to elect which charge of armed robbery of Mr. Fleming, or of Mrs. Fleming, they would submit to the jury, as there was no evidence upon which the jury could legally return a verdict as to both counts."

When considering this same motion in *Birt v. State,* supra at p. 827, followed in *Reed v. State,* supra, this court held: "Although the State sufficiently established the taking of the money, the State was unable to show in this case from which victim the money was taken. Under these circumstances, the trial judge did not err in overruling the motion to require the State to elect. Apparently no jury instructions regarding this matter were requested and none were given." Under the circumstances of this case and in view of the lack of evidence on this point, one conviction for armed robbery should be set aside by the trial court upon appropriate motion of the defendant. See *Creecy v. State,* 235 Ga. 542 (5) (221 SE2d 17) (1975);

*Jackson v. State,* 236 Ga. 98 (222 SE2d 380) (1976).

5. In Enumeration 7, the appellant alleges, "The Court committed reversible error in not directing a verdict of not guilty as to both 'armed robbery' indictments as there was no legal and competent evidence as to the amount (if any) of money stolen."

This allegation is refuted by the testimony of the principal prosecution witness that Billy Sunday Birt told him during the course of the conspiracy that they got a little over $4,000 out of the robbery.

6. In Enumeration 9 the appellant alleges, "The Court committed reversible error when it did not withdraw the death penalty from the consideration of the jury, as the State's case was totally circumstantial as to appellant's connection therewith."

The evidence admitted in the appellant's case is substantially that admitted in the *Birt* case as reported in that opinion. This enumeration is without merit.

7. In Enumeration 10, the appellant alleges, "During the course of the trial, appellant was denied 'Due Process of Law' through 'gross neglect and misconduct by the state' when the state and/or its agents knowingly and intentionally suborned perjury by failing to disclose to the court, the defense, and most importantly the jury, that their chief witness, Billy Wayne Davis, had been named in several existing state charges, including murder in Cobb County, Marietta, Georgia, as well as the instant case, but had been granted immunity in return for his testimony in this case, as well as promised monies (rewards) and immunity for attorney Ortwell in return for his testimony against appellant in this case."

The complete transactional immunity to Billy Wayne Davis was before the jury. There is no evidence to support the appellant's allegation of promised rewards and immunity for a third person in exchange for Billy Wayne Davis' testimony. The trial court acted properly in ruling that impeachment for conviction of a crime was limited to proof of a conviction of any crime involving moral turpitude (*Powell v. State,* 122 Ga. 571 (50 SE 369) (1905); *Woodward v. State,* 197 Ga. 60 (28 SE2d 480) (1944); *Watts v. Gaines,* 226 Ga. 503 (175 SE2d 871) (1970); *Taylor v. Marsh,* 107 Ga. App. 575 (130 SE2d 770)

(1963)), and that an authenticated copy of the record of the court in which he was convicted is necessary, if an objection is properly made. Code Ann. § 38-203.

Enumeration 10 is without merit.

## II. Sentence Review

The death penalties imposed in this case must conform to the standards set forth in Code Ann. § 27-2534.1 to authorize affirmance. This court must determine whether the sentences of death were imposed under the influence of passion, prejudice, or any other arbitrary factor; whether the evidence supports the jury's findings of statutory aggravating circumstances; and, whether the sentences of death are excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant, as required by Code Ann. § 27-2537 (c) (1-3).

We have reviewed the trial transcript and record and have made a comparison of the evidence and sentences in similar cases pursuant to the mandate of the statute. Using the standards prescribed for our review by the statute, we conclude that the sentences of death imposed in this case were not imposed under the influence of passion, prejudice or any other arbitrary factor.

In recommending the death penalty as to both murder counts the jury found as follows:

1. The offense of murder was committed while the offender was engaged in the commission of another capital felony, armed robbery. Code Ann. § 27-2534.1 (b) (2).

2. The offense of murder was outrageously or wantonly vile, horrible or inhuman in that it involved torture or depravity of mind. Code Ann. § 27-2534.1 (b) (7); and

3. The offender committed the offense of murder for himself or another, for the purpose of receiving money or any other thing of monetary value. Code Ann. § 27-2534.1 (b) (4).

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed and we find the following similar cases support affirmance of

the death penalty.

The sentences of death imposed in this case are affirmed. The life sentence for the armed robbery of Mr. Fleming and the term sentence for burglary of the Fleming residence are affirmed. The life sentence for the armed robbery of Mrs. Fleming and the term sentence for burglary of the Haymon residence are set aside.

*Judgment affirmed in part and reversed in part. All the Justices concur.*

ARGUED JANUARY 24, 1977 — DECIDED
JUNE 20, 1977.

Bobby Gene Gaddis, *pro se.*

*W. L. Salter, Jr.,* for appellant.

*H. R. Thompson, District Attorney, Arthur K. Bolton, Attorney General, John W. Dunsmore, Jr., Assistant Attorney General,* for appellee.

APPENDIX.

*Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1970); *Pass v. State,* 227 Ga. 730 (182 SE2d 779) (1971); *Watson v. State,* 229 Ga. 787 (194 SE2d 407) (1972); *Callahan v. State,* 229 Ga. 737 (194 SE2d 431) (1972); *Sirmans v. State,* 229 Ga. 743 (194 SE2d 476) (1972); *Scott v. State,* 230 Ga. 413 (197 SE2d 338) (1973); *Whitlock v. State,* 230 Ga. 700 (198 SE2d 865) (1973); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Bennett v. State,* 231 Ga. 458 (202 SE2d 99) (1973); *Howard v. State,* 231 Ga. 186 (200 SE2d 755) (1973); *Hunter v. State,* 231 Ga. 494 (202 SE2d 441) (1973); *Morgan v. State,* 231 Ga. 280 (201 SE2d 468) (1973); *House v. State,* 232 Ga. 140 (205 SE2d 217) (1974); *Gregg v. State,* 233 Ga. 117 (210 SE2d 659) (1974); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Chenault v. State,* 234 Ga. 216 (215 SE2d 223) (1975); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976); *Coleman v. State,* 237 Ga. 84 (226 SE2d 911) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Isaacs v. State,* 237 Ga. 105 (226 SE2d 922) (1976); *Banks v. State,* 237 Ga. 325 (227 SE2d 380)

(1976); *Dungee v. State,* 237 Ga. 218 (227 SE2d 746) (1976).