**Alpha Otis O'Daniel STEPHENS, Petitioner-Appellant.**

v.

**Walter ZANT, Superintendent, Respondent-Appellee.**

**No. 79–2407.**

United States Court of Appeals, Fifth Circuit.*

Sept. 19, 1983.

James C. Bonner, Jr., Athens, Ga., Richard Erwin Shapiro, New Orleans, La., for plaintiff-appellant.

John C. Boger, Joel Berger, Jack Greenberg, James M. Nabrit, III, Deborah Fins, Anthony G. Amsterdam, New York City, for NAACP Legal Defense and Educational Fund, Inc.

William B. Hill, Jr., Senior Asst. Atty. Gen., Atlanta, Ga., for respondent-appellee.

Before RONEY and THOMAS A. CLARK, Circuit Judges, and INGRAHAM, Senior Circuit Judge.

PER CURIAM:

The prior judgment of this Court, which reversed a denial of habeas corpus relief as to the Georgia state death sentence, has been reversed by the United States Supreme Court. *Zant v. Stephens,* —— U.S. ——, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). Upon remand to us from the Supreme Court for further proceedings in conformity with that opinion, we affirm the district court's denial of habeas corpus relief.

Alpha Otis O'Daniel Stephens was convicted of murder in Georgia and was sentenced to death. On direct appeal, the Georgia Supreme Court upheld the conviction and the death sentence. *Stephens v.*

---

* Nor do I have occasion to take any position respecting the matters commented on in note 10.

* Former Fifth Circuit case, Section 9(1) of Public Law 96–452—October 14, 1980.

*State,* 237 Ga. 259, 227 S.E.2d 261 (Ga.), *cert. denied,* 429 U.S. 986, 97 S.Ct. 508, 50 L.Ed.2d 599 (1976). Stephens exhausted his state post-conviction remedies, and then petitioned the federal district court for a writ of habeas corpus, which was denied. On appeal, this Court affirmed as to the conviction but reversed the denial of habeas corpus relief as to the death sentence, and remanded for further proceedings. *Stephens v. Zant,* 631 F.2d 397 (5th Cir.1980), *modified,* 648 F.2d 446 (5th Cir.1980). On certiorari, the Supreme Court reversed this Court's decision and remanded the case to this Court for further proceedings consistent with the Supreme Court's opinion.

Considering our prior opinion together with the Supreme Court opinion, we now affirm the district court's denial of Stephens' petition for habeas corpus relief.

In this Court's earlier opinion, however, we stated:

> In the brief filed by amicus curiae, NAACP Legal Defense and Educational Fund, the Court's attention is invited to three additional issues: (1) whether the trial judge should have ordered a competency hearing in light of petitioner's conduct at trial; (2) whether petitioner was denied effective assistance of counsel because of counsel's inability to communicate with him; and (3) whether petitioner's uncounseled confession was knowing and voluntary, in view of allegations that it was given while appellant was under the influence of drugs.

631 F.2d at 406–07.

In a "Memorandum of Law on the Judgment to be Entered in this Case," filed by the attorneys who filed the amicus brief and the appellant's attorney, shown as co-counsel for petitioner, Stephens calls to this Court's attention the above portion of the Court's opinion "which remains unaffected by the Supreme Court's recent opinion in his case."

The issues indicated were never considered by the district court. Aside from the question of whether an amicus can properly inject into a case at the appellate level issues which have never been raised by the parties, our cases consistently hold this Court will not even consider issues raised by the parties for the first time on appeal. *Cobb v. Wainwright,* 666 F.2d 966, 968 n. 1 (5th Cir. Unit B), *cert. denied,* 457 U.S. 1107, 102 S.Ct. 2906, 73 L.Ed.2d 1315 (1982); *Spivey v. Zant,* 661 F.2d 464, 477 (5th Cir. Unit B 1981), *cert. denied,* 458 U.S. 1111, 102 S.Ct. 3495, 73 L.Ed.2d 1374 (1982); *Miller v. Turner,* 658 F.2d 348, 350 (5th Cir. Unit B 1981). The Supreme Court has held that a federal appellate court generally does not consider issues which have not been presented to the district court. *Singleton v. Wulff,* 428 U.S. 106, 120, 96 S.Ct. 2868, 2877, 49 L.Ed.2d 826 (1976).

The notation in our opinion was not intended to indicate that these issues could be properly asserted in the proceeding on remand to the district court. That decision was left entirely to the district court, when we said: "On remand, that court should take whatever action is appropriate with respect to these issues." 631 F.2d at 407. There is no indication whether state remedies have been sought as to these issues. *See* 28 U.S.C.A. § 2254. In any event, the district court would have had to decide whether it was too late to assert the issues in this particular case. Since there is now no remand, however, and therefore no ongoing proceeding in the district court after this affirmance, it would of course be inappropriate for the district court to consider any new issues on this petition. It no longer has jurisdiction of the case.

Following the well-settled procedure which restricts this Court to a review of issues presented to the district court, we hold that the judgment of the district court must be affirmed without remand. We point out that we have not considered the issues noted above, nor another issue asserted in the amicus brief but not mentioned in petitioner's present memorandum: that the absence of a specific factual determination that the life of the victim had been deliberately taken by Stephens rendered the death sentence unconstitutional.

The district court's denial of habeas corpus relief is

AFFIRMED.