**Alpha Otis O'Daniel STEPHENS, Petitioner,**

v.

**Ralph KEMP, Superintendent, Georgia Diagnostic & Classification Center, Respondent.**

**Civ. A. No. 83–407–2–MAC.**

United States District Court, M.D. Georgia, Macon Division.

Nov. 21, 1983.

---

William Sumner and Quintus W. Sibley, Atlanta, Ga., for petitioner.

William B. Hill, Atlanta, Ga., for respondent.

OWENS, Chief Judge:

Petitioner Alpha Otis O'Daniel Stephens, on January 21, 1975, was convicted of murder in the Superior Court of Bleckley County for the execution-style slaying of Roy Asbell and was sentenced to death. Both his conviction and his sentence were affirmed on direct appeal in *Stephens v. State,* 237 Ga. 259, 227 S.E.2d 261, *cert. denied,* 429 U.S. 986, 97 S.Ct. 508, 50 L.Ed.2d 599 (1976).

Following the denial of relief on direct appeal, petitioner filed a petition for writ of habeas corpus in the Superior Court of Tattnall County. That court afforded petitioner an evidentiary hearing on May 17, 1977, and later denied petitioner's application for relief on or about December 14, 1977. On appeal from the decision of the state habeas court, the Supreme Court of Georgia affirmed the denial of petitioner's application for habeas relief in *Stephens v. Hopper,* 241 Ga. 596, 247 S.E.2d 92, *cert. denied,* 439 U.S. 991, 99 S.Ct. 593, 58 L.Ed.2d 667 (1978).

Following the denial of relief in state habeas proceedings, petitioner filed a 28 U.S.C. § 2254 petition for writ of habeas corpus in the United States District Court on February 8, 1979. This court denied

petitioner's application for habeas relief on May 11, 1979. On appeal to the United States Court of Appeals for the former Fifth Circuit, the decision of this court was reversed, insofar as it upheld the validity of petitioner's death sentence, in *Stephens v. Zant*, 631 F.2d 397 (5th Cir.1980), *modified on rehearing*, 648 F.2d 446 (5th Cir. 1981).

Respondent's application for a writ of certiorari to this United States Court of Appeals for the former Fifth Circuit was granted by the Supreme Court of the United States in *Zant v. Stephens*, 454 U.S. 814, 102 S.Ct. 90, 70 L.Ed.2d 82 (1981). The Supreme Court of the United States, after certifying a question to the Supreme Court of Georgia in *Zant v. Stephens*, 456 U.S. 410, 102 S.Ct. 1856, 72 L.Ed.2d 222 (1982), and receiving that court's response in *Zant v. Stephens*, 250 Ga. 97, 297 S.E.2d 1 (1982), reversed the decision of the Fifth Circuit Court of Appeals and thereby expressly reinstated the death penalty as to petitioner in *Zant v. Stephens*, —— U.S. ——, 103 S.Ct. 2733, 77 L.Ed.2d 235 (1983). On September 19, 1983, the Eleventh Circuit Court of Appeals, acting in obedience to the opinion of the Supreme Court, reinstated petitioner's sentence of death in *Stephens v. Zant*, 716 F.2d 276 (5th Cir.1983), affirming this court's denial of petitioner's application for habeas relief. On November 1, 1983, petitioner's execution date was reset by the Superior Court of Bleckley County for November 16, 1983.

Having unsuccessfully pursued his claims for relief on direct appeal, through state habeas, and through federal habeas, on November 7, 1983, petitioner filed yet another state habeas petition in the Superior Court of Butts County. In that successive petition, petitioner sought to raise the following claims never before asserted: (1)

that his confession was elicited while he was under the influence of alcohol or drugs; (2) that his trial counsel rendered ineffective assistance; (3) that the trial court failed to give an *Enmund* charge; (4) that the traverse jury which convicted him was selected from an unconstitutionally composed venire; (5) that the trial court failed to order a competency hearing to determine if he was competent to stand trial; (6) that the capital sentencing statute in Georgia is arbitrarily applied; and (7) that there is no meaningful proportionality review by the Supreme Court of Georgia. On November 10, 1983, the Superior Court of Butts County denied petitioner's application for habeas relief and for a stay of execution. On November 14, 1983, the Supreme Court of Georgia denied petitioner's application for a certificate of probable cause to appeal but granted a ten-day stay of execution to allow time to seek further relief in this court.

Thereafter on November 15, 1983, petitioner filed this petition for a writ of habeas corpus. It is a second and successive petition in which petitioner seeks to assert the same grounds for habeas relief that he unsuccessfully raised in the Superior Court of Butts County and also seeks an order of this court staying his execution by the State of Georgia.

In order to afford petitioner a full and fair opportunity to argue these issues which were not raised in his initial state or federal habeas proceeding and to explain why this court should not dismiss the instant successive petition on the grounds that it constitutes an abuse of the writ, Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts, a hearing was held November 15, 1983, in Savannah, Georgia before this trial judge.[1] The hearing having been conclud-

---

**1.** Petitioner's present counsel suggests that the September 19, 1983 opinion handed down by the Eleventh Circuit Court of Appeals leaves this court no alternative but to consider at least three of the claims that he asserts (i.e., whether the trial judge should have ordered a competency hearing, whether trial counsel rendered ineffective assistance, and whether petitioner's con-

fession was knowing and voluntary) on the merits. This court disagrees.

The Eleventh Circuit's opinion specifically directs this court to "take whatever action is appropriate" with respect to the claims raised. The Eleventh Circuit expressed no opinion as to whether this court should in fact consider these claims on the merits.

ed, petitioner's case is now ripe for disposition.

### Discussion

In *Sanders v. United States*, 373 U.S. 1, 83 S.Ct. 1068, 10 L.Ed.2d 148 (1963), the Supreme Court of the United States recognized that traditional principles of res judicata have no application in habeas corpus proceedings. " 'A person detained in custody might thus proceed from court to court until he obtained his liberty.' " *Id.* at 7, 83 S.Ct. at 1073, 10 L.Ed.2d at 156, *quoting Cox v. Hakes*, 15 A.C. 506, 527 (H.L.1890). A second or successive petition may be asserted even though new and different claims are raised or if claims previously raised but not adjudicated on the merits are reasserted. *Id.* at 17, 83 S.Ct. at 1078, 10 L.Ed.2d at 163. Nevertheless, it was expressly noted that a prisoner may not endlessly obtain repetitive federal review of his conviction and sentence:

> [F]ull consideration of the merits of the [successive] application can be avoided only if there has been an abuse of the writ or motion remedy; and this the Government has the burden of pleading. [ (signal omitted) ].

To say that it is open to the respondent to show that a second or successive application is abusive is simply to recognize that 'habeas corpus has traditionally been regarded as governed by equitable principles. *United States ex rel. Smith v. Baldi*, 344 U.S. 561, 573 [73 S.Ct. 391, 397, 97 L.Ed. 549] (dissenting opinion). Among them is the principle that a suitor's conduct in relation to the matter at hand may disentitle him to the relief he seeks ....'

    *    *    *    *    *    *

Nothing in the traditions of habeas corpus requires the federal courts to tolerate needless piecemeal litigation, or to entertain collateral proceedings whose only purpose is to vex, harass, or delay. *Id.* at 17–18, 83 S.Ct. at 1078, 10 L.Ed.2d at 162.

■ In response to *Sanders*, Congress promulgated Rule 9(b) of the Rules Governing Section 2254 Cases in the United States District Courts:

> Successive petitions. A second or successive petition may be dismissed if the judge finds that it fails to allege new or different grounds for relief and the prior determination was on the merits or, if new and different grounds are alleged, the judge finds that the failure of the petitioner to assert those grounds in a prior petition constituted an abuse of the writ.

Respondent, the State of Georgia's penitentiary warden, has pled abuse of the writ. He argues that petitioner's current application constitutes piecemeal litigation, the only purpose of which is to further delay his execution. Once the State pleads abuse of the writ, the burden shifts to petitioner to prove that he has not engaged in such conduct. *Price v. Johnson*, 334 U.S. 266, 292, 68 S.Ct. 1049, 1063, 92 L.Ed. 1356, 1373 (1948).

■ Where the burden is upon petitioner to rebut a Rule 9(b) claim of abuse of the writ, he is entitled to a hearing at which he may attempt to explain and rebut the allegation. *Potts v. Zant*, 638 F.2d 727, 747 (5th Cir.1981), *cert. denied*, 454 U.S. 877, 102 S.Ct. 357, 70 L.Ed.2d 187 (1981). Petitioner was afforded this opportunity at the November 15, 1983, hearing at which he offered the following excuses for his failure to assert his present claims in his prior habeas petition—intervening change in the law, newly discovered statistical evidence, and ineffective assistance of habeas counsel.

### Enmund Claim—Intervening Change in the Law

Petitioner first urges that the trial court violated his constitutional rights by failing to instruct the jury at the penalty phase of his trial that it could not impose the death sentence absent a clear finding that petitioner himself killed, attempted to kill, or intended to kill the victim. Petitioner asserts that his excuse for failing to raise this claim in his prior habeas petition was

an intervening change in the law, *i.e.,* *Enmund v. Florida,* 458 U.S. 782, 102 S.Ct. 3368, 73 L.Ed.2d 1140 (1982), after he commenced his first habeas petitions.

■ If *Enmund* were possibly applicable in the instant action, this court would not hesitate to find an excuse; nevertheless, in this court's best judgment *Enmund* cannot possibly apply to petitioner's case because as shown by petitioner's several confessions petitioner put the gun to the victim's head and pulled the trigger several times. *Cf. Autry v. Estelle,* 706 F.2d 1394 (5th Cir.1983) (In *Autry* the Fifth Circuit had occasion to consider petitioner's contention that the evidence was insufficient to support the death sentence under *Enmund.* On the basis of his statements that he had "killed some people" and the fact that he had possessed the murder weapon, the court found that his death sentence was not violative of *Enmund.*)

As *Enmund* is not possibly applicable to petitioner's case, his claim that the trial court violated his constitutional rights by failing to give the jury an *Enmund* charge constitutes an abuse of the writ and must be DISMISSED. Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts.

### Challenges to the Georgia Capital Sentencing Statute

Petitioner asserts two challenges to Georgia's capital sentencing statute. He urges: (1) that his death sentence was imposed under a statutory scheme which resulted in the arbitrary and unequal imposition of capital punishment based upon the race of the defendant and the race of the victim; and (2) that Georgia's appellate procedures do not provide adequate review of the proportionality of death sentences. Petitioner asserts that his excuse for failing to raise these claims in his prior habeas petition is that they are based upon newly discovered statistical evidence.

■ As to these claims, it is the opinion of this trial judge that petitioner's excuse is insufficient to justify a consideration of them in this successive petition. The statistical evidence which petitioner desires to present to support his claims is not "newly discovered." Nothing prevented the compilation of this information prior to this late date. Accordingly, petitioner having no valid excuse for failing to raise these claims in his prior habeas petition, these claims constitute an abuse of the writ and must be DISMISSED.[2] Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts. *See, Smith v. Kemp,* 715 F.2d 1459, 1468–69 (11th Cir. 1983).

### Remaining Claims

Petitioner's four remaining claims (*i.e.,* that his confession was elicited while he was under the influence of alcohol or drugs, that his trial counsel rendered ineffective assistance, that the traverse jury which convicted him was selected from an unconstitutionally composed venire, and that the trial court failed to order a competency hearing to determine if he was competent to stand trial) will be grouped to-

---

**2.** Had petitioner raised these challenges to Georgia's capital sentencing statute in his prior habeas petition, this court would not have hesitated to hold an evidentiary hearing to ascertain the relevant *facts* upon which he relies in support of his claims.

The court notes however that even if it were proper to consider the merits of petitioner's claims in this successive petition, at the November 16, 1983 hearing he was unable to present any *facts* in support of his claim. He chose instead to rely upon bare conclusions.

Additionally, the court notes that petitioner's quarrel with the Georgia capital sentencing statute flies in the face of the Supreme Court's opinion in *Gregg v. Georgia,* 428 U.S. 153, 96 S.Ct. 2909, 49 L.Ed.2d 859 (1976). The individual case-by-case determination provided for in the Georgia statute and approved by the Supreme Court takes into consideration that no two defendants are exactly alike and that no two crimes are exactly alike. The individual determination provided for in the statute with regards to deciding those who receive life imprisonment and those who receive the death penalty is not subject to any meaningful analysis by any sterile statistical treatment of the type upon which petitioner seeks to rely. Indeed, it is the individualized concept that resulted in petitioner's death sentence being reinstated.

gether because he asserts a single excuse for his failure to have raised these claims in his prior habeas petition—the ineffectiveness of his first habeas counsel.

Guidelines for analyzing whether ineffectiveness of previous habeas counsel can constitute an excuse under Rule 9(b) have been established in the analogous context of "cause" for failure to comply with a contemporaneous objection rule. In *Goodwin v. Balkcom*, 684 F.2d 794, 809 n. 17 (11th Cir.1982), the court noted that a "hollow claim" or "bare allegation" of ineffective assistance of counsel does not constitute "cause," citing *Lumpkin v. Ricketts*, 551 F.2d 680, 682–83 (5th Cir.1977), while a more substantiated allegation, including an inexcusable justification supplied by the alleged ineffective counsel, may entitle the petitioner to proceed. *Goodwin*, 684 F.2d at 809 n. 17.

■ Counsel for petitioner concede that though they have been active in the case for some sixty days, they are not prepared to offer any culpable admissions from petitioner's first habeas counsel, but instead seek yet another stay of execution in order to depose them for the first time in what this court can characterize only as a "fishing expedition."[3] Under *Goodwin* and *Lumpkin*, this court finds that petitioner's claim is only a "bare allegation" which, not constituting cause under *Francis v. Henderson*, 425 U.S. 536, 96 S.Ct. 1708, 48 L.Ed.2d 149 (1976), similarly fails to constitute an excuse under Rule 9(b). Instead, petitioner's allegations are asserted in a "piecemeal" fashion, with the only purpose

being to delay his execution. *See, Sanders*, 373 U.S. at 18, 83 S.Ct. at 1078, 10 L.Ed.2d at 163. Accordingly, petitioner's remaining claims constitute an abuse of the writ and must be DISMISSED.[4] Rule 9(b) Rules Governing Section 2254 Cases in the United States District Courts.

*Conclusion*

For those reasons hereinbefore stated, the claims raised by petitioner in his successive petition under 28 U.S.C. § 2254 constitute an abuse of the writ under Rule 9(b), Rules Governing Section 2254 Cases in the United States District Courts, and are hereby DISMISSED in their entirety. Petitioner's applications for a stay of execution, an evidentiary hearing, discovery, and funds to retain experts are DENIED.

Furthermore, it being the considered opinion of this court that there is no possible merit to petitioner's present petition as would justify further consideration on appeal, petitioner's application for a certificate of probable cause to appeal is also DENIED.

---

**3.** Indeed petitioner's present, *pro bono*, volunteer habeas counsel, while steadfastly championing his rights before this court and urging that previous counsel have been ineffective, in fact have no significant experience whatsoever in the trial or appeal of criminal cases, much less the trial or appeal of capital cases.

**4.** The court must note that it is possible from a reading of petitioner's trial transcript and the record as a whole to determine the effectiveness of trial and habeas counsel, and the court in other cases has indeed done so. While the court is firmly convinced that petitioner's claim of ineffective assistance of counsel (trial and habeas) constitutes an abuse of the writ, if the tran-

script and record *in fact* showed ineffective assistance of counsel this court would not hesitate to so hold even in this successive petition. *See, Young v. Zant*, 506 F.Supp. 274, 278 (M.D.Ga. 1980), *rev'd on other grounds*, 677 F.2d 792 (11th Cir.1982); *Gaines v. Hopper*, 430 F.Supp. 1173, 1179 (M.D.Ga.1977), *aff'd* 575 F.2d 1147 (5th Cir.1978); *Walker v. Hopper*, C.A. No. 75–80–MAC (M.D.Ga.1977); *Dixon v. Hopper*, 407 F.Supp. 58, 67–68 (M.D.Ga.1976); *Allen v. Hopper*, C.A. No. 74–39–ATH (M.D.Ga.1975); *Wray v. Hopper*, 377 F.Supp. 653, 656–57 (M.D.Ga.), *aff'd*, 505 F.2d 733 (5th Cir.1974); *Lee v. Caldwell*, C.A. No. 2785–MAC (M.D.Ga.1973).