### 4849.. WOODWARD *v.* THE STATE.

Where a plea of guilty has been entered and judgment has not been pronounced, the accused has the right to withdraw the plea of guilty and enter a plea of not guilty. The facts in the instant case presented no exception to the rule, and did not authorize the refusal to permit the accused to exercise this statutory right.

DECIDED JULY 22, 1913.

Indictment for gaming; from Fulton superior court—Judge Thomas. March 7, 1913.

The plaintiff in error was indicted for gaming. On arraignment he filed a plea of not guilty. After the evidence for the State had been introduced, his attorney. asked permission from the court to withdraw the plea of not guilty and to enter a plea of guilty. He was allowed to do this; and after having entered the plea of guilty, the attorney for the accused asked the court to postpone sentence until a subsequent day named. The request was granted. On the day upon which sentence was to be imposed, which was the last day of court, the accused, when called up for sentence, moved that he be permitted to withdraw his plea of guilty and to enter a plea of not guilty. It appears that all the witnesses for the prosecution had been discharged, and that the witnesses upon whose ·testimony the State relied to make out the case resided beyond the jurisdiction of the State. On this state of facts the trial judge refused to allow the accused to withdraw his plea of guilty. The accused excepted to this judgment.

*John S. McClelland, J. E. McClelland,* for plaintiff in error.
*Hugh M. Dorsey, solicitor-general,* contra.

HILL, C. J. (After stating the foregoing facts.) The Penal Code (1910), § 971, declares that "at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty.'" In *Griffin* v. *State,* 12 *Ga. App.* 615 (77 S. ·E. 1080), in construing this section, it is held that before sentence is pronounced upon the prisoner, he has a right to withdraw his plea of guilty, but that after sentence is pronounced, it ceases to be a right of the prisoner and then may be allowed in the discretion of the presiding judge. The majority of this court are of the opinion that the facts of this case do not constitute an exception to the rule announced ̇in that case. The right which the statute gives to the prisoner to withdraw his plea of guilty before judgment is pro-

nounced is without qualification. If, however, the trial judge should be satisfied that the prisoner is endeavoring to perpetrate a fraud upon the court by first pleading not guilty and then withdrawing that plea and then pleading guilty, and then again withdrawing the latter plea and again pleading not guilty, for the purpose of delaying his trial, or of taking advantage of the fact that the juries for the term have been discharged and the witnesses for the State have been excused, the judge would be justified in not allowing the prisoner to exercise this right; but this would require very clear and strong proof of misconduct on the part of the prisoner or his counsel. The fact that if the prisoner is allowed to withdraw his plea of guilty, his case can not be tried at the term in which this occurs, or that the State's witnesses have been discharged, and that the case would have to be continued, would not be sufficient to deprive the prisoner of this statutory right. It should further appear that this situation has been brought about designedly by the prisoner, for the purpose of misleading or deceiving the court in the manner indicated. The record does not show that this was the purpose of the prisoner or his counsel, and it will not be assumed that such was the purpose. The prisoner had only once entered a plea of guilty, and counsel had asked that sentence be postponed, presumably for the purpose of allowing him to procure exculpatory statements or affidavits in behalf of his client.. While the record does not show the fact, it is fair to presume that between the entering of the plea of guilty and the day for imposition of sentence, the attorney for the prisoner, or the prisoner himself, may have discovered evidence in his favor. It is not the purpose of the law to invite pleas of guilty by persons charged with crime, but rather is it the purpose of the law to guarantee to all persons charged with crime a trial by a jury. Before depriving a man of his liberty or his property trial judges would prefer to hear all the evidence and to have the support of a verdict of a jury upon that evidence, rather than impose sentence based upon a plea of guilty.

It has been suggested by learned counsel for the State that if the accused, under the facts in the present case, were allowed to withdraw his plea of guilty and enter a plea of not guilty, he might on a subsequent trial set up the first trial, when his case was partly investigated by the jury, as former jeopardy. We do not concur in

this opinion. On the first trial the accused voluntarily withdrew his plea of not guilty. In other words, his case was withdrawn from the consideration of the jury by his request, and not by any action of the court. There is no principle of the law of former jeopardy which would permit an accused to set up his own voluntary act in withdrawing his case from the consideration of the jury and pleading guilty, and subsequently withdrawing the latter plea and again pleading not guilty, as a bar to a second trial. The withdrawal of the case from the jury in compliance with the request of the accused was equivalent to the declaration of a mistrial by consent, and a second trial resulting from this voluntary conduct of the accused would be equivalent in legal effect to a new trial granted at his own request. Under the construction which this court placed upon section 971 of the Penal Code in the *Griffin* case, supra, the majority of this court is clearly of the opinion that the accused had the right, since the sentence of the court had not been pronounced against him, to withdraw his plea of guilty and enter a plea of not guilty.                                   *Judgment reversed.*

POTTLE, J., dissenting. In the absence of a statute to the contrary, a prisoner has no absolute right to withdraw his plea, either before or after sentence. Section 971 of the Penal Code is declaratory of the common law in so far as it allows the judge, in the exercise of a sound discretion, to permit the plea to be withdrawn after sentence, and in derogation of the common law in so far as it gives the prisoner the absolute right to withdraw the plea before sentence is pronounced. No such state of facts as the present record discloses was presented in the case of *Griffin* v. *State,* referred to in the decision in this case. There the prisoner pleaded guilty on arraignment, and was permitted, under the showing made, to withdraw his plea even after sentence. The code section above cited provides: "Upon the arraignment of a prisoner, the indictment shall be read to him, and he shall be required to answer whether he is guilty or not guilty of the offense charged in the indictment, which answer or plea shall be made orally by the prisoner, or his counsel. And if he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; but,

at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial." No matter how often tried, nor how often the plea has been withdrawn, the prisoner is entitled to be arraigned but once. *Atkins* v. *State,* 69 *Ga.* 595, 598. If, upon arraignment, the prisoner elects to join issue with the State, and the trial commences, he can not as a matter of right withdraw his plea of not guilty and have the case withdrawn from the jury. His right to do so rests in the sound legal discretion of the court, because the statute gives him no such right and the common-law rule is applicable. If, upon arraignment, instead of joining issue with the State, the prisoner admits the facts set forth in the indictment and enters a plea of guilty, he may, at any time before sentence is pronounced, as a matter of right, without assigning any reason for so doing, withdraw his plea of guilty and go to trial. *Griffin* v. *State,* supra. When called upon to plead he answers "guilty," or "not guilty," or stands mute; in which last event the court pleads not guilty for him. If he pleads guilty, he can withdraw that plea as matter of right before sentence; if he pleads not guilty and the trial begins, he can not without the court's consent withdraw that plea. A plea of not guilty is a denial of guilt, and an election to have the question of guilt or innocence determined by the tribunal designated by the law to find the facts. So far as his absolute rights are concerned, an election to join issue when once made is final, and the record is closed so far as the pleading is concerned. The court may in the exercise of a sound discretion permit the record to be opened and the plea withdrawn and a plea of guilty entered, and this may be done at any time before verdict. After a plea of not guilty is once entered, the whole matter from that time afterward rests in the discretion of the court.

In the present case the plaintiff in error moved the court to permit him to withdraw the plea of not guilty, upon the ground that he desired to enter a plea of guilty and have sentence pronounced upon him. The court granted his motion. The plea of not guilty was withdrawn and the jury was discharged. As a further matter of grace, upon the prisoner's own motion, the court postponed the pronouncement of sentence until the last day of the court, for the purpose of allowing the prisoner to present facts

which might go in mitigation of the punishment to be imposed. After having taken advantage of this indulgence, and after the witnesses for the State had dispersed and gone beyond the jurisdiction of the court, he proposed to withdraw his plea of guilty and have the case postponed for another term. Of course, if he had a right to do this, the right ought to be accorded, let the consequences be what they may. But in my opinion, he had no such right. The law required' him to plead on arraignment. He did plead. The present situation has arisen not because of any right which the law gave him, but because of the exercise of the court's discretion in his favor. That part of § 971 which gives the absolute right to withdraw a plea of guilty before sentence must be construed to mean the plea of guilty to which the statute has reference; that is, the plea of guilty entered on arraignment. It was never contemplated that the prisoner could exercise the right of withdrawal ad infinitum, merely because sentence had not been pronounced. There is nothing in the statute which expressly limits the prisoner's right to one withdrawal. If the view of the majority be correct, the only limitation upon this right is that sentence should not have been pronounced, and the prisoner may play battledore and shuttlecock with the court until judgment is actually pronounced upon him.

In my opinion, after the prisoner has been accorded the right to withdraw the plea which he has entered on arraignment, whether it be a plea of guilty or a plea of not guilty, his right to withdraw a second plea is a matter addressed to the sound legal discretion of the court. If this view of the law is correct, it must be conceded that the court did not abuse its discretion in the present case in refusing to permit the prisoner to withdraw his plea of guilty. No reason whatever was assigned by him for the exercise of the court's discretion in his favor, and the situation which had been brought about, upon his own motion and by his own request, rendered it proper to refuse to extend to him any further favor. I can not bring my mind to believe that the law will permit a prisoner thus to trifle with the court and the orderly and regular administration of justice. If he can not plead former jeopardy it is only because he has waived his right so to do by consenting for the case to be withdrawn from the jury. *Nolan* v. *State,* 55 *Ga.* 521 (21 Am. R. 281) ; 1 Bishop, New Crim. Proc. § 821. His proposition was, in effect, that if the court would allow him to withdraw

his plea of not guilty, he would consent for the jury to be discharged; and if the court would grant him indulgence for two or three days, he would then appear and receive sentence under his plea of guilty. The court accepted his proposition, and he ought to be required to abide by his part of the agreement. The majority of this court concede that if the prisoner brought about the situation designedly for the purpose of deceiving the court and procuring a postponement of the trial, the court might refuse to allow the plea to be withdrawn. This concession is to my mind wholly inconsistent with the principle of law announced by the court, namely, that the prisoner had an absolute right to withdraw his plea of guilty at any time before sentence. If he had this right, the reason for its exercise is not a matter with which the court has any concern. If this limitation upon his right is sound, then, in my opinion, even under the court's view of the law, the judgment ought to be affirmed. The facts are such as justly to give rise to the inference that the prisoner was merely trifling with the court and had adopted this method of securing a postponement. He said not a word and offered not the slightest evidence to rebut this inference by showing that since the withdrawal of his plea of not guilty he had discovered new facts which would entitle him to an acquittal. To allow him to take advantage of a situation which he himself had brought about, embarrass the State, which may not be able again to procure the attendance of the witnesses residing in another State, and thus probably bring about a miscarriage of justice, is wholly at variance with my conception of the law. Upon the clearest principles, the prisoner has by his own consent waived his right to be again put on trial, and was properly sentenced under his plea of guilty. For these reasons I am compelled to dissent from the judgment rendered by the majority.