## 27828. KRAMER v. THE STATE.

GUNTER, Justice. The appellant in this case was convicted in the trial court for the offenses of murder, armed robbery, and aggravated assault. He filed a motion for a new trial which was overruled, and the case is now here for review.

1. The first enumerated error contends that the trial court committed error "in charging the jury that the law presumes the intent to kill as this is in conflict with Code Ann. §26-605 which states that a person will not be presumed to act with criminal intention and therefore is erroneous, prejudicial, misleading, and an incorrect statement of the law."

The portion of the charge objected to is as follows: "The law presumes that a person intends to accomplish the natural and probable consequences of his act and if a person uses a deadly weapon or instrumentality in the manner in which such weapon or instrumentality is ordinarily employed to produce death and thereby causes the death of a human being, the law presumes the intent to kill. This presumption may be rebutted.

I further instruct you a person shall not be presumed to act with criminal intention but the triors of the fact may find such intention upon consideration of the words, conduct, demeanor and all other circumstances connected with the act for which the accused has been prosecuted."

The appellant contends that these two paragraphs of the charge are in conflict, the first saying that the law presumes the intent to kill and the second saying that a person will not be presumed to act with criminal intention.

Code Ann. § 26-604 is as follows: "A person of sound mind and discretion is presumed to intend the natural and probable consequences of his acts, but the presumption may be rebutted."

Code Ann. § 26-605 is as follows: "A person will not be presumed to act with criminal intention, but the trier of facts may find such intention upon consideration of the words, conduct, demeanor, motive, and all other circumstances connected with the act for which the accused is prosecuted."

We think the law is very clear that the natural and probable consequences flowing from an act are to be presumed, but such presumption may be rebutted. This is a very different thing from saying that the act producing the consequences is presumed to be a criminal act or is presumed to be a violation of the law. An act producing consequences will not be presumed to be criminal, and it is for the trier of fact to determine whether such act is criminal. Furthermore, the burden is upon the state to prove that the act alleged to be criminal is in fact a criminal act beyond a reasonable doubt.

We find no fault with this portion of the court's charge, and this enumerated error is without merit.

2. The second enumerated error complains that the trial court erred in not ordering the state to play a tape to

defense counsel prior to trial which allegedly recorded the confession of the appellant. It is contended that this tape was material as to whether the confession was freely and voluntarily made. It is also contended that the state withheld this tape-evidence from defense counsel in violations of the appellant's constitutional rights.

The error enumerated in this court is a somewhat embellished expansion of ground three of the appellant's amended motion for a new trial in the trial court. Ground three in the trial court was as follows: "The court erred in not permitting the State to play a tape, which allegedly recorded the confession of the defendant to defense counsel, as it was material to the issue as to whether the police complied with the Miranda guidelines and therefore whether defendant's confession was admissible."

We have examined the record and the transcript very carefully with respect to the admissibility of the appellant's confession. The trial judge very meticulously accorded the appellant all of his constitutional rights and then ruled that the confession was admissible. We agree with the trial judge's ruling.

Furthermore, the issue concerning the tape arose during the trial. A witness for the state was asked if there was anything on the tape from the defendant. This question was asked by the prosecuting attorney, and counsel for the appellant interposed the following objection: "I have had no notice of any tape and I don't want him to testify as to any opinion he may have about the tape. . . . The highest and best evidence would be the tape itself."

The trial judge sustained this objection made by appellant's counsel. The record does not show that appellant's counsel then made any effort to hear the tape out of the presence of the jury.

It is therefore clear to us that this enumerated error is wholly without merit.

3. The third enumerated error contends that the trial court erred in not reducing the appellant's death sentence to life imprisonment after conviction on the murder charge. In view of the decision of the Supreme Court of the United States in Moore v. Illinois, 408 U. S. 786 (92 SC 2562, 33 LE2d 706), this enumerated error is meritorious.

The judgment of the trial court is affirmed except for that portion thereof which imposes the death penalty. Upon remand direction is given to the trial court to substitute a life sentence for the death penalty for the conviction of murder. This should be done in accordance with this court's opinion in *Massey v. State,* 229 Ga. 846 (195 SE2d 28) (1972).

*Judgment affirmed with direction. All the Justices concur.*

SUBMITTED APRIL 10, 1973 — DECIDED SEPTEMBER 5,1973.

*Glenn Zell,* for appellant.

*Lewis R. Slaton, District Attorney, Morris H. Rosenberg, J. Melvin England, Carter Goode, Arthur K. Bolton, Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.