*Glaze,* for appellees.

## 29103. HOOKS v. THE STATE.

INGRAM, Justice.

This rape case is here by appeal and for mandatory review because the death sentence was imposed upon the defendant following his plea of guilty. The defendant, John Wesley Hooks, was charged with committing the offense of rape on July 13, 1973; he was indicted by a grand jury of Cook County on October 1, 1973; and, following a plea of guilty on December 10, 1973, the death sentence was imposed by the trial judge. The basic facts of the case are essentially the same as those set forth in *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12), the case of a co-offender whose death sentence was determined by a trial jury and subsequently affirmed by this court.

After the defendant's plea of guilty was entered, the prosecution presented the testimony of the victim and two deputy sheriffs who investigated the offense. The plea of guilty was accepted and after hearing evidence, the trial judge found aggravating circumstances and imposed the death sentence. *Held:*

1. Appellant first contends in this appeal: "(6) That the entire jury selection process in Cook County, Georgia, is tainted as evidenced by the name of one of Cook County's Jury Commissioners appearing on said jury list"; "(8) that there existed a systematic exclusion of Negroes from the Grand Jury of Cook County, Georgia, which is unconstitutional on its face"; and, "(10) that there existed a systematic exclusion of females from the Grand Jury in Cook County, Georgia, which is unconstitutional on its face."

Appellant pleaded guilty to the offense of rape. A review of the hearing transcript shows that the plea of guilty was entered freely, voluntarily and knowingly with the benefit of counsel. It is, therefore a valid plea of guilty.[1] See *Bailey v. Baker,* 232 Ga. 84, 87 (205 SE2d

---

[1] Before accepting the guilty plea, the trial court

278). By his plea, appellant waived any claim he might have had concerning the jury selection process, and the composition of the grand jury that indicted him. Tollett v. Henderson, 411 U. S. 258 (93 SC 1602, 36 LE2d 235); *Sims v. Caldwell,* 231 Ga. 377 (3) (202 SE2d 70).

2. Appellant also contends that the state erred by presenting evidence in aggravation at the pre-sentence hearing without giving him any prior notice as required by Code Ann. § 27-2534. This court has held that: "The bifurcated trial was created to withhold matters inadmissible on the issue of guilt or innocence from the jury until that issue has been determined. The statute is clear that the pre-sentence hearing is for additional evidence and in no way excludes from consideration on sentence the matters heard on the issue of guilt or innocence." *Eberheart v. State,* 232 Ga. 247, 253, supra; *Ford v. State,* 232 Ga. 511, 512 (1) (207 SE2d 494). A review of the hearing transcript shows that the state's evidence was introduced solely to present to the trial judge a complete set of facts on the rape charge to enable the court to insure that defendant's plea of guilty was not improvidently entered. Thus, this contention is also without merit.

3. The appellant also argues that the "court further

---

ascertained that: (a) appellant had a clear head at the time of the hearing, not being under the influence of drugs or alcohol; (b) appellant had read and understood the charges against him; (c) appellant understood that he had a right to a jury trial and did not want a jury trial; (d) appellant understood that he could compel witnesses to come to testify for him and did not want to assert that right; (e) appellant understood that the death sentence was possible in his case; (f) appellant understood that the court was not bound by any recommendations of the state or defense; (g) the plea was freely and voluntarily entered and was not induced by promises, force or threats; (h) appellant was represented by counsel, with whose representation he was satisfied; (i) appellant conferred several times with his attorney; (j) the plea was voluntary; (k) appellant was factually guilty.

erred in refusing to declare unconstitutional Georgia Act 74 (1973) in that it is cruel and unusual punishment and provides for the discretionary imposition of the death penalty under the rule of Furman v. Georgia, 408 U. S. 238 (1972)."

The constitutionality of the statute under attack was upheld in *Coley v. State,* 231 Ga. 829 (204 SE2d 612); *House v. State,* 232 Ga. 140, 145 (205 SE2d 217); and *Eberheart v. State,* 232 Ga. 247, supra. The trial court did not err in refusing to declare the statute unconstitutional.

4.    An additional enumeration of error urged by appellant is that "The court erred in overruling appellant's petition to Change Venue (R 39) and erred by rendering appellant's sentence under the influence of passion and prejudice."

In his petition to change venue, appellant alleged "that petitioner will be unable to get a fair trial by an impartial jury in said county."

The appellant, in open court prior to acceptance of his guilty plea, affirmatively indicated that he understood that he had the right to a trial by jury with respect to this offense and stated that he did not want to be tried by a jury. He thereby waived any claim to a change of venue. There is no showing that the trial judge acted under the influence of passion or prejudice and we find no merit in this contention.

5.    Appellant contends that he was found guilty of rape while in the commission of another felony, i. e., kidnapping without ever being tried for, or convicted of, or pleading guilty to that crime. Appellant argues that his constitutional right to a trial by jury, due process of law, and to confront the witnesses against him as to the offense of kidnapping were effectively denied by this procedure. However, the Georgia statute does not require a conviction to find aggravated circumstances. The judge, in a nonjury trial, must determine whether any of the statutory aggravating circumstances are supported by the evidence. He must designate those aggravating circumstances which he finds to exist beyond a reasonable doubt, and this was properly done by the trial court in this case. Code Ann. § 27-2534.1 (c).

6. The death sentence was imposed in this case by the trial judge without the intervention of a jury. The present statute does not require a jury determination for imposition of the death sentence. We have reviewed the sentence in accord with Ga. L. 1973, p. 159 et seq. (Code Ann. § 27-2537 (c) (1-3)), as we did in *Coley v. State,* 231 Ga. 829, *House v. State,* 232 Ga. 140, and *Eberheart v. State,* 232 Ga. 247, all supra, and conclude that the sentence of death imposed on the defendant, John Wesley Hooks, was not imposed under the influence of passion, prejudice, or any other arbitrary factor. The evidence supports the trial judge's finding of statutory aggravating circumstances, viz., that the "offense of rape was outrageously vile and horrible in that it involved torture to the victim. The offense of rape was committed while the offender was in the commission of another capital felony, to-wit, forcibly kidnapping the [victim], and the said [victim] having received bodily harm."

We have compared the evidence and sentence in this case with other similar cases and conclude the sentence of death is not excessive or disproportionate to the penalty imposed in those cases. Those similar cases we considered in reviewing the case are listed in the appendix attached to this opinion.

The transcript and record before us reveal that the conviction and sentence are not contrary to law, and there is ample evidence, in addition to the plea of guilty, to support the trial court's judgment. The judgment of the trial court will, therefore, be affirmed.

*Judgment affirmed. All the Justices concur, except Gunter, J., who dissents.*

ARGUED SEPTEMBER 10, 1974 — DECIDED OCTOBER 17, 1974 — REHEARING DENIED NOVEMBER 5, 1974.

*Yancey & Perkins, Carson Dane Perkins, Jack Greenberg, David Evan Kendall, Peggy C. Davis, Anthony G. Amsterdam,* for appellant.

*Vickers Neugent, District Attorney, Arthur K. Bolton, Attorney General, John B. Ballard, Jr., Assistant Attorney General,* for appellee.

Similar Cases Considered by the Court: *Miller v. State,* 224 Ga. 627 (163 SE2d 730); *Massey v. State,* 229 Ga. 846 (195 SE2d 28); *McCrary v. State,* 229 Ga. 733 (194 SE2d 480); *Grantling v. State,* 229 Ga. 746 (194 SE2d 405); *Coley v. State,* 231 Ga. 829 (204 SE2d 612); *Akins v. State,* 231 Ga. 411 (202 SE2d 62); *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12); *Ford v. State,* 227 Ga. 279 (180 SE2d 545); *Watson v. State,* 227 Ga. 279 (182 SE2d 446); *Lumpkin v. State,* 228 Ga. 391 (185 SE2d 770); *Fuller v. State,* 228 Ga. 546 (196 SE2d 888); *Allen v. State,* 228 Ga. 859 (188 SE2d 793); *Griffin v. State,* 229 Ga. 165 (190 SE2d 61); *Hobbs v. State,* 229 Ga. 556 (192 SE2d 903).