## 32152. STEWART v. THE STATE.

UNDERCOFLER, Presiding Justice.

Appellant was convicted and sentenced to death for armed robbery, death for kidnapping with bodily injury, and to life for aggravated sodomy. He appeals.

1. Under Coker v. Georgia, — U. S. — (97 SC 2861) (1977), we set aside the sentences of death for armed robbery and kidnapping since death to the victims did not result.[1] See *Collins v. State,* 239 Ga. 45 (235 SE2d 523) (1977).

---

[1]From 1973, when the Georgia death penalty statute was enacted (Ga. L. 1973, p. 159), until August 1, 1977, 65 cases have been filed in this court for mandatory review of the death sentences imposed under that statute. Of these, only 7 including this case have involved rape,

2. Appellant argues no commitment hearing was held on the charge of aggravated sodomy even though demand prior to indictment was made. There is nothing in this record to show that such demand was made, and following the return of the indictment and conviction, it was too late. *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976).

3. It is not an abuse of discretion in the interest of justice for the judge to refuse a motion for severance of the trial of multiple charges where the crimes alleged were part of a continuous transaction conducted over a relatively short time, and ". . . from the nature of the entire transaction, it would be almost impossible to present to a jury evidence of one of the crimes without also permitting evidence of the other . . ." *Henderson v. State,* 227 Ga. 68, 76 (79 SE2d 76) (1970). See Code Ann. § 26-506 (Ga. L. 1968, pp. 1249, 1267). There is no merit in Enumeration two.

4. In his third and fourth enumerations, appellant argues the court committed error when it overruled his challenges for cause against certain jurors during voir dire and granted the state's challenges for cause. A careful reading of the voir dire transcript shows appellant challenged for cause those jurors who had stated they were "aware of" pre-trial publicity, basing the challenge upon his statement "they were influenced by such publicity." However, each of these jurors also plainly stated in this transcript he or she had no fixed opinion on the case and could render an impartial verdict based upon the evidence presented. There was no error. See *Wilkes v. State,* 238 Ga. 57, 58-59 (2) (230 SE2d 867) (1976); *Coleman v. State,* 237 Ga. 84, 91 (226 SE2d 911) (1976); *Krist v. State,* 230 Ga. 536, 537 (198 SE2d 161) (1973) and cits. There is no error.

Likewise, there is no error in the granting of the state's challenges for cause of other jurors. Each of these jurors indicated they would not impose a death sentence regardless of the evidence produced at trial, or stated they would not impose the death penalty unless another life

kidnapping and armed robbery where the victim was not killed.

had been taken. These responses permit exclusion of the jurors under the holdings in Witherspoon v. Illinois, 391 U. S. 510, 522, n. 21 (88 SC 1770) (1968).

5. It was permissible to receive testimony regarding the theft of the blue 1973 automobile and the testimony of a victim whom appellant had assaulted prior to the robbery and kidnap of another victim. This testimony was permitted to show prior scheme, motive, intent and acts which were part of a system of mutually dependent crimes. See *Thurmond v. State,* 220 Ga. 277, 278-279 (138 SE2d 372) (1964); *Barrow v. State,* 235 Ga. 635 (221 SE2d 416) (1975). There is no merit in Enumerations five and six.

6. Appellant claims in Enumeration seven that it was error to instruct the jury on circumstantial evidence. The transcript shows appellant's counsel requested a charge on circumstantial evidence following the charge-in-chief; made no objection following recharge and made no effort to invoke some ruling or instruction from the court respecting it. A party cannot induce an alleged error or ". . . ignore what he thinks to be an injustice, take his chance on a favorable verdict, and complain later." *Ellard v. State,* 233 Ga. 640, 642 (5) (212 SE2d 816) (1975); *Joyner v. State,* 208 Ga. 435, 438 (2) (67 SE2d 221) (1951) and cits.

7. Under our ruling in Division 1, supra, this case is remanded to the trial court for sentencing for armed robbery and kidnapping after proper hearing. See Code Ann. § 26-1311 (Ga. L. 1968, pp. 1249, 1282); Code Ann. § 26-1902 (Ga. L. 1968, pp. 1249, 1298; Ga. L. 1969, p. 810); Code Ann. § 27-2503 (Ga. L. 1974, pp. 352, 357).

*Judgment affirmed in part, reversed in part. All the Justices concur.*

ARGUED APRIL 12, 1977 — DECIDED
SEPTEMBER 8, 1977.

*John N. Crudup, R. Thomas Jarrard,* for appellant.
*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, Daryl A. Robinson, Staff Assistant Attorney*

*General,* for appellee.