## 33783. WHITE v. THE STATE.

JORDAN, Justice.

Appellant, William Paul White, appeals his conviction for murder and sentence of life imprisonment, alleging that his in-custody statement was not voluntarily made, that the evidence was insufficient to support the verdict, and other errors.

1. After a Jackson-Denno hearing the trial court ruled that appellant's statement was voluntarily made, and this determination by the trial court will be accepted unless it is shown to be clearly erroneous. *Pierce v. State,* 235 Ga. 237 (219 SE2d 158) (1975). Before an in-custody statement may be introduced as evidence the state is

required to show by a preponderance of the evidence that the statement was freely and voluntarily given. Lego v. Twomey, 404 U. S. 477 (92 SC 619, 30 LE2d 618) (1972); *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974). This standard was clearly met by the evidence presented in this case, and appellant's claim that his statement was involuntary is without merit.

2. We have carefully reviewed the evidence and find it sufficient to support the verdict.

3. It was not error for the trial court to allow into evidence several photographs of the victim's body, over the objection that the photographs were of no probative value and were calculated merely to inflame the passions and prejudices of the jury.

4. Appellant objected to testimony relating to previous incidents of animosity between the appellant and victim on the ground that it was not relevant to any issue in the case. A trial court does not err in admitting evidence of a previous difficulty between a defendant and victim which illustrates the state of feeling between them. *Evans v. State,* 227 Ga. 571 (181 SE2d 845) (1971).

5. The complained portion of the prosecutor's closing argument was a comment on the appellant's failure to produce evidence, not a prohibited comment on the appellant's failure to testify. *Wood v. State,* 234 Ga. 758 (218 SE2d 47) (1975); *Dorsey v. State,* 204 Ga. 345 (3) (49 SE2d 886) (1948).

Further, after making his objection, appellant's counsel requested that the court not take the precautionary step of charging the jury that it should draw no adverse inference from appellant's failure to testify.

6. The trial court correctly charged on lesser included offenses, but chose to use its own standard charge rather than appellant's requested charge. It is not error for a trial court to refuse to instruct the jury in the exact language of a request. *White v. State,* 230 Ga. 327, 339 (196 SE2d 849) (1973).

7. It was not error for the trial judge to refuse to give a requested charge on involuntary manslaughter where the evidence did not authorize same. *State v. Stonaker,* 236 Ga. 1 (222 SE2d 354) (1976).

*Judgment affirmed. All the Justices concur.*

Submitted July 7, 1978 — Decided September 5, 1978.

*Robert M. Coker,* for appellant.
*Lewis R. Slaton, District Attorney, R. David Petersen, Assistant District Attorney, Arthur K. Bolton, Attorney General,* for appellee.