35701. FAIR v. THE STATE.

BOWLES, Justice.

Keith Fair, the appellant, pled guilty in the Superior Court of Hall County to the murder of Jackie Morris. The trial judge, after a two-day presentence trial, found the existence of two statutory aggravating circumstances and imposed the death penalty. The case is here on direct appeal.

This case involves two killings by appellant. The trial judge, as the finder of fact, was authorized to find that the first killing occurred in Habersham County as a result of a dispute over a money matter. Apparently the Habersham County victim had hired appellant to burn a trailer for him and then did not have the money to pay. In front of his other accomplices, including Jackie Morris, hereinafter the Hall County victim, appellant shot the Habersham County victim at point blank range in the face, then threw him on the ground and shot him again, laughing all the while. The body was disposed of in Lake Lanier.

Later that night, appellant determined that the Hall

County victim would have to be killed as well since he had been a "rat" in prison. Appellant pretended to need help with a wheel on an automobile and when the victim leaned over to help, appellant shot him in the head, laughing and saying, "you wasn't nothing but a rat you son-of-a-bitch no way, you pulled a knife on me when I was thirteen years old and scared the hell out of me." The body was placed in the car; the victim's throat was cut by another accomplice; and the car was set on fire.

After his arrest, the appellant bragged about the killing of the Hall County victim to other inmates. He also stated that when he got out he was going to kill the other witnesses. In conversation with other inmates he said that he was not sorry about the killing and did not lose any sleep over it. Appellant escaped from jail with another inmate to whom he admitted both killings. During the period he was a fugitive, he told the inmate he escaped with that the victims were criminals like him and deserved it but that *he* did not want to be shot because when he shoots people they "squeal like it hurts." Appellant was recaptured within a day and a half.

1. The appellant attacks the constitutionality of the Georgia Death Penalty Statute, Ga. L., 1973, p. 159 et seq. (Code Ann. § 27-2534.1) as written and applied. Both this court and the Supreme Court of the United States have upheld the constitutionality of the Georgia statute in a number of cases and appellant has advanced no reason for us to reconsider our position. See Gregg v. Georgia, 428 U. S. 153 (1976); *Eberheart v. State,* 232 Ga. 247 (206 SE2d 12) (1974); *McCorquodale v. State,* 233 Ga. 369 (211 SE2d 577 (1974); *Smith v. State,* 236 Ga. 12 (222 SE2d 308) (1976); *Mason v. State,* 236 Ga. 46 (222 SE2d 339) (1976); *Birt v. State,* 236 Ga. 815 (225 SE2d 248) (1976); *Legare v. State,* 243 Ga. 744 (257 SE2d 247) (1979). Appellant's first enumeration of error is without merit.

2. The appellant in his second enumeration of error argues that the trial court erred in admitting evidence of the murder of the Habersham County victim and relying upon that evidence in its finding of one of the statutory aggravating circumstances warranting the death penalty.

Appellant was given proper notice that the evidence

of the Habersham County murder would be tendered in aggravation. At the presentence trial, his appointed attorney in the Habersham County case advised appellant to assert his Fifth Amendment privilege as to any question concerning the first murder. However, this in itself would not have prevented appellant from presenting evidence in defense of the Habersham County murder before the trial court in the instant case. The appellant had to choose which course to follow. Though a defendant may have a right, even a constitutional right to follow a certain course of action, it does not necessarily follow that to require him to choose a course of action is constitutionally forbidden. Decisions as to what course to follow in a criminal case are many times difficult. See McMann v. Richardson, 397 U. S. 759 (1970). The appellant contends that the evidence of the Habersham murder should not have been introduced against him in aggravation because he had only been *charged* with that murder, had not been convicted, but was awaiting trial thereon. It is the rule in this state that it is not required that a defendant be convicted of the crime introduced as an aggravating circumstance. *Hooks v. State,* 233 Ga. 149 (210 SE2d 668) (1974); *Collier v. State,* 244 Ga. 553 (261 SE2d 364) (1979). Appellant's reliance upon Code Ann. § 27-2534.1 (b) (1) is misplaced in that the record clearly shows that the state relied upon and the trial court found that the murder occurred during the commission of another capital felony. Code Ann. § 27-2534.1 (b) (2).

Appellant further argues that the evidence was totally irrelevant and, therefore, inadmissible. We do not agree. The first murder was committed within hours of the second. The motive for the murder of the Hall County victim was to silence him so he would not be able to testify against the appellant regarding the first murder. The arson of the trailer, the murder in Habersham County, the murder in Hall County and the arson of the car in Hall County were all part of a continuous transaction and all were mutually dependent crimes. *Collins v. State,* 239 Ga. 45 (235 SE2d 523) (1977); *Stewart v. State,* 239 Ga. 588 (238 SE2d 540) (1977). Had the appellant pled not guilty and elected to go to trial on guilt-innocence, the evidence complained of would have been admissible to show

scheme, motive, or intent. *McClesky v. State,* 245 Ga. 108 (263 SE2d 146) (1980). It, therefore, follows that such evidence was certainly admissible during the presentence trial in which additional evidence, not admissible during the guilt-innocence phase, is allowed. Code Ann. § 27-2503; see *Spivey v. State,* 241 Ga. 477 (246 SE2d 288) (1978). Furthermore, such evidence is not inadmissible on the ground that it places the defendant's character in evidence. During the presentence hearing, the state, subject to notice limitations, is allowed to place the defendant's character in issue through his prior record or other criminal acts. Code Ann. §§ 27-2503; 27-2534.1. A defendant in a capital case stands before the trial court or jury in a presentence trial a convicted felon with no presumption of innocence. All aspects of his crime or crimes, his character and his attitude are admissible, subject to the applicable rules of evidence regarding reliability, to guide the fact finder in determining appropriate sentence. See Lockett v. Ohio, 438 U. S. 586 (98 SC 2954, 57 LE2d 973) (1978); *Collier v. State,* supra.

Appellant asserts that the trial court's finding that the offense of murder occurred while the offender was engaged in another capital felony: to wit, the murder of the Habersham County victim, cannot stand because at his subsequent trial for that offense in Habersham County, the appellant was acquitted. Appellant's subsequent acquittal is not part of the record in this case. Nevertheless, assuming such an acquittal, we find no error. Necessarily, two different triers of fact were involved. Different triers of facts may reach different results. See Chaffin v. Stynchcombe, 412 U. S. 17 (1973). Under our statute, the fact finder in a presentence trial must determine whether beyond a reasonable doubt any of the statutory aggravating circumstances exist under the evidence presented. Code Ann. §§ 27-2503, 27-2525, 27-2534.1. A review of the evidence presented to the trial judge in this case overwhelmingly supports a finding by a rational trier of fact that the appellant was engaged in the commission of another murder when he killed the Hall County victim. Jackson v. Virginia, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979).

In the instant case, the murders were committed in

separate counties which of necessity required that one murder be tried before the other.[1] The subsequent acquittal simply has no bearing on the issue of whether the trier of fact is presented with sufficient evidence to find beyond a reasonable doubt the existence of an aggravating circumstance.

3. The trial court also found an additional aggravating circumstance in that the murder of the victim in this case was outrageously and wantonly vile, horrible and inhuman in that it involved depravity of mind on the part of the defendant. The appellant argues that such a finding under Code Ann. § 27-2534.1 (b) (7) is incomplete in that the statute requires a finding of either torture or aggravated battery in addition to a finding of depravity of mind. Code Ann. § 27-2534.1 (b) (7) provides as follows: "The offense of murder, rape, armed robbery, or kidnapping was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." The statute is worded in the disjunctive, not the conjunctive. It is not required that a trier of fact find the existence of each disjunctive phrase of the statute, only that at least one phrase of the first clause of the statute exists due to the existence of at least one phrase of the second clause of the statute. Furthermore, this court has upheld an identical finding of this statutory aggravating circumstance in *Corn v. State,* 240 Ga. 130 (240 SE2d 694) (1977).

The evidence supports a finding of this aggravating circumstance by a rational trier of fact beyond a reasonable doubt, Jackson v. Virginia, supra.

The evidence shows that the appellant killed his accomplice in an arson case who also happened to be a witness to a murder to prevent any chance the victim would testify against him. It was cold blooded, performed in a methodical, execution-type manner, and the body

---

[1]What evidence may have been presented in the second murder trial regarding the first homicide is not before the court, but we can unhesitatingly say that the evidence of the first homicide presented in the instant case was entirely sufficient to prove it.

was burned to destroy any evidence against the appellant. The appellant laughed during the murder of his victim, cursed him and later told others he did not lose any sleep over the killing. He described how people "squealed" when he shot them. Such evidence shows a vile, inhuman murder due to a complete and absolute disregard for human life which is shocking to the conscience of civilized man. It cannot be argued that such actions on the part of the appellant do not evidence a complete depravity of mind. Appellant's third enumeration of error is, therefore, without merit.

4. In his fourth and eighth enumerations of error, the appellant argues that the court erred in admitting evidence of the subsequent escape from jail and his conversations with other inmates. The appellant contends the evidence is inadmissible because it places his character in evidence. As noted above, the instant case was a presentence trial. The appellant admitted his guilt in open court and waived any right to trial on guilt or innocence. The purpose of a presentence trial is to introduce different evidence from that at trial to determine guilt or innocence. On this issue of guilt or innocence, the only relevant evidence is that which pertains to the offense with which the defendant is charged. In a presentence trial the trier of fact must make a determination as to the sentence to be imposed, taking into consideration all aspects of the crime, the past criminal record or lack thereof, and the defendant's general moral character. *Johnson v. State,* 126 Ga. App. 757 (191 SE2d 614) (1972); Code Ann. §§ 27-2503, 27-2528, 27-2534.1. Any lawful evidence which tends to show the motive of the defendant, his lack of remorse, his general moral character, and his predisposition to commit other crimes is admissible in aggravation, subject to the notice provisions of the statute. Each case is necessarily different; however, such evidence, by way of illustration, may consist as it did here of the defendant's attitude concerning his crime and the victim, the trier of fact's personal observation of the defendant, his conduct after incarceration and evidence of subsequent crimes. See *Ingram v. State,* 134 Ga. App. 935 (216 SE2d 608) (1975). In a capital felony presentence trial, the state is not

limited to the introduction of evidence to support the particular statutory aggravating circumstances it is relying upon. Upon review of the record, we conclude that the evidence was relevant to sentence and admissible. The evidence being admissible, the trial court did not abuse its discretion in failing to allow the withdrawal of the appellant's guilty plea on the ground that sentence was based upon erroneously admitted evidence.

5. In his fifth enumeration of error, appellant asserts error in the introduction of photographs of the bodies of his victims over objection. This enumeration is clearly without merit, especially in view of the fact that such evidence was presented to the trial judge sitting without a jury. *Tucker v. State,* 245 Ga. 68 (263 SE2d 109) (1979); *Stevens v. State,* 242 Ga. 34 (247 SE2d 838) (1978); *White v. State,* 242 Ga. 21 (247 SE2d 759) (1978); *McCorquodale v. State,* supra. See *Ingram v. State,* supra.

6. Appellant contends in his sixth enumeration of error that the trial judge did not consider the appellant's intoxication as a mitigating factor in imposing sentence. While it is undisputed that the appellant was drinking intoxicating beverages on the day in question, there was no evidence presented which in any manner showed that the appellant was so intoxicated as to not be able to form the requisite criminal intent nor understand the nature of his actions. *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979). Plaintiff argues that the trial judge did not include intoxication to the extent of impairment of intent and ability to comprehend the criminality of his actions as a mitigating circumstance on the judge's report. However, this does not indicate that the judge failed to consider it as a possible mitigating circumstance.

The appellant relies on an isolated portion of the judge's sentence to show that the trial court failed to take into consideration any mitigating circumstances and sentenced solely on the basis that statutory aggravating circumstances were found, thereby requiring the imposition of a death penalty. *Fleming v. State,* 240 Ga. 142 (240 SE2d 37) (1972). However, a review of the record in this case shows that the judge considered all the circumstances both in mitigation and aggravation in arriving at his sentence. In fact, the trial judge recited

that he considered all the evidence, both in aggravation and mitigation in his finding of aggravating circumstances as required by Code Ann. § 27-2525. *Spivey v. State,* supra.

7. The appellant upon call of the case tendered a guilty plea. The trial court exhaustively examined the appellant to determine if the plea was voluntarily and intelligently given. The court thereafter informed the appellant and his counsel that the court was not conscientiously opposed to capital punishment and would impose such a sentence if the facts warranted it. The court then required the appellant to confer with his counsel and recessed for that purpose. Thereafter, the appellant again insisted on a guilty plea. A presentence trial was held pursuant to Code Ann. §§ 27-2528, 27-2503 and 27-2534.1. The state introduced proof not only of the aggravating circumstances but of the crime itself. After the trial court made its findings of fact and orally announced sentence the appellant moved to withdraw his plea. Withdrawal came prior to the clerk receiving the sentence and spreading it upon the record. Appellant enumerates as error the trial judge's refusal to hold an evidentiary hearing to correct the record. However, the appellant's attorney was allowed to perfect the record, and the record adequately reflects the attempt to withdraw the plea prior to the clerk's receiving it. Neither the trial judge nor the state contest appellant's assertion that the withdrawal came prior to the clerk's receiving the sentence. Appellant's ninth enumeration of error is without merit. See *Patterson v. State,* 233 Ga. 724 (213 SE2d 612) (1975); Code Ann. § 6-805 (f).

8. Appellant asserts error on the trial court's refusal to allow withdrawal of his guilty plea. The appellant contends that at any time prior to the sentence being received by the clerk and entered upon the docket, a defendant, as a matter of right, may withdraw his plea of guilty. Appellant cites as authority Code Ann. § 27-1404 and cases decided thereunder. Code Ann. § 27-1404 provides in relevant part as follows: ". . . If he shall plead 'guilty,' such plea shall be immediately recorded on the minutes of the court by the clerk, together with the arraignment; and the court shall pronounce upon such

prisoner the judgment of the law, in the same manner as if he had been convicted of the offense by the verdict of a jury; but, at any time before judgment is pronounced, the prisoner may withdraw the plea of 'guilty,' and plead 'not guilty,' and such former plea shall not be given in evidence against him on his trial."[2] The question thus presented is whether or to what extent Code Ann. § 27-1404 applies to Ga. L. 1973, p. 159 et seq. which provided for comprehensive new procedures in capital felony cases.

This is a question of first impression as guilty pleas are rare when the state has not waived the death penalty.[3] From 1956 until the present death penalty statute, if a defendant pled guilty and such a plea was accepted, the maximum penalty that could be imposed was life imprisonment. Ga. L. 1956, p. 737 (Former Code Ann. § 27-2528). However, under the new Act, there is no such limitation and the trial judge, provided he finds the existence of a statutory aggravating circumstance, may impose a death penalty. Ga. L. 1973, pp. 159, 171 (Code Ann. § 27-2528).

The present death penalty statute, Ga. L. 1973, p. 159 et seq. created a comprehensive new procedure for the trial and imposition of the death penalty in capital felony cases. The statute requires a finding by the trier of fact of at least one specific statutory aggravating circumstance before a death sentence is authorized. The state must

---

[2]The statute first appeared at page 834 in Cobb's Digest of the Laws of State of Georgia published in 1851. Under the common law, a prisoner had no absolute right to withdraw his plea either before or after sentence. Therefore, the statute is in derogation of the common law. *Woodward v. State,* 13 Ga. App. 130 (78 SE 1009) (1913), dissent of Pottle, J.

[3] There are only three cases involving a plea which resulted in a sentence of death under the present statute; *Hooks v. State,* 233 Ga. 149, supra; *Moore v. State,* 233 Ga. 861 (213 SE2d 829) (1975) and *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975). These cases do not address the question.

prove the existence of such an aggravating circumstance beyond a reasonable doubt.

The trial of a capital felony is, therefore, in two parts: one to determine guilt or innocence and the other to determine sentence. In both phases, the state carries the burden of proof. In a non-capital felony, the judge conducts a presentence hearing to determine sentence and the state may tender evidence of aggravation if it so chooses, but no factual finding is required to authorize imposition of any sentence within the statutory limits. Code Ann. § 27-2503.

Against this background we must construe the two statutes in question, keeping in mind the legislative intent, the old law, the evil and the remedy. Code Ann. § 102-102.

The purpose of the withdrawal provision of Code Ann. § 27-1404 is to provide a necessary part of the plea bargaining procedure, *Smith v. State,* 231 Ga. 23 (200 SE2d 119) (1973). Its provisions have been held to apply to nolo contendere pleas, *Wright v. State,* 75 Ga. App. 764 (44 SE2d 569) (1947), but not to pleas which result in first offender treatment, *Heath v. State,* 148 Ga. App. 559 (252 SE2d 4) (1978), because to do so would frustrate the purpose of the First Offender Act.

Where a plea of guilty is entered in a capital felony case and the state seeks the death penalty under Code Ann. § 27-2534.1, plea bargaining is not involved nor could it ever be involved. Therefore, Code Ann. § 27-1404 would have no purpose under such a circumstance. Furthermore, to apply Code Ann. § 27-1404 to such a situation would frustrate the purpose of Ga. L. 1973, pp. 159, 171, in that the plea could be withdrawn as a matter of right after the defendant learns a death sentence has been announced. Therefore, under this construction a death sentence could never be imposed upon a guilty plea if the defendant wished to avoid it.

Where a plea of guilty is filed in a non-capital felony, the judgment does not rest upon the results of a trial, but upon the plea, which is nothing more than a confession in judicio. Code Ann. § 27-1404 provides that the court, " . . . shall pronounce . . . the judgment, . . . in the same manner as if he had been convicted of the offense by the verdict of a

jury." However, in capital cases, the judgment does not rest upon the plea but rather upon the plea and the proof of an aggravating circumstance except in rare cases of treason or aircraft hijacking.[4] Code Ann. § 27-2534.1 (a). Capital cases, therefore, require further proceedings in all but two instances, a procedure not envisioned by Code Ann. § 27-1404. The decision of the trial court after a sentencing trial is tantamount to a jury verdict. For this reason and the others enumerated herein, this court concludes that the provisions of Code Ann. § 27-1404 relating to withdrawal of guilty pleas as a matter of right do not apply to guilty pleas tendered in capital cases other than treason or aircraft hijacking in which the State seeks the death penalty.[5] We hold that a guilty plea, voluntarily and knowingly entered in a capital felony case other than treason or aircraft hijacking wherein the state seeks the death penalty under Ga. L. 1973, p. 159 et seq may not be withdrawn as a matter of right.

9. In his last enumeration of error the appellant contends that the trial court erred in denying appellant's motion for new trial on general grounds and on the grounds previously considered. This enumeration has no merit. Upon review of the transcript and record we find that the verdict is factually substantiated and that the evidence supports such a verdict by a rational trier of fact beyond a reasonable doubt. Jackson v. Virginia, supra.

10. As mandated by the statute, Ga. L. 1973, pp. 159, 165 (Code Ann. § 27-2537) we have reviewed the transcript and record in this case as we have in all prior cases under this statute. We find that the sentence of death was not imposed under the influence of passion, prejudice or any other arbitrary factor.

In reviewing the death penalty in this case, we have considered the cases appealed to this court since January 1, 1970, in which a death or life sentence was imposed. We

---

[4] The reports contain no such cases under the new statute, in which a death penalty was given.

[5] Nothing herein should be construed as approval by this court of the Court of Appeals' interpretation of Code Ann. § 27-1404 as permitting withdrawal of a guilty plea after sentence is orally pronounced.

find the similar cases listed in the appendix support affirmance of the death penalty.

Appellant's sentence of death is not excessive or disproportionate to the penalty imposed in similar cases, considering both the crime and the defendant.

*Judgment affirmed. All the Justices concur, except Hill, J., who concurs specially.*

ARGUED JANUARY 16, 1980 — DECIDED APRIL 9, 1980 — REHEARING DENIED APRIL 29, 1980

*George Brinson, Michael Casper,* for appellant.

*Bruce S. Harvey,* amicus curiae.

*Jeff C. Wayne, District Attorney, Arthur K. Bolton, Attorney General, Nicholas G. Dumich, Staff Assistant Attorney General,* for appellee.

APPENDIX.

*Henderson v. State,* 227 Ga. 68 (179 SE2d 76) (1971); *Kramer v. State,* 230 Ga. 855 (199 SE2d 805) (1973); *Floyd v. State,* 233 Ga. 280 (210 SE2d 810) (1974); *Mitchell v. State,* 234 Ga. 160 (214 SE2d 900) (1975); *Moore v. State,* 240 Ga. 807 (243 SE2d 1) (1978); *Westbrook v. State,* 242 Ga. 151 (249 SE2d 524) (1978); *Burger v. State,* 242 Ga. 28 (247 SE2d 834) (1978); aff'd. on resentencing 245 Ga. 458 (1980); *Ruffin v. State,* 243 Ga. 95 (252 SE2d 472) (1979); *Tucker v. State,* 244 Ga. 721 (261 SE2d 635) (1979); *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Dampier v. State,* 245 Ga. 427 (1980).

HILL, Justice, concurring specially.

I concur in the judgment affirming the death penalty on the basis of the aggravating circumstance discussed in Division 3 of the opinion, but not on the basis of the aggravating circumstance described in Division 2, to wit: the Habersham murder of which the defendant was later acquitted.

ADDENDUM.
(June 24, 1980)

(a) Subsequent to our decision in this case, but prior to transmittal of the remittitur to the trial court, the Supreme Court of the United States has decided Godfrey

v. Georgia, 48 USLW 4541 (May 19, 1980). In that the appellant's sentence of death rests partially[1] upon Code § 27-2534.1 (b) (7), his sentence must be reviewed in light of Godfrey.

Code Ann. § 27-2534.1 (b) (7) provides in pertinent part: "The offense of murder . . . was outrageously or wantonly vile, horrible or inhuman in that it involved torture, depravity of mind, or an aggravated battery to the victim." In Godfrey, the court found that § (b) (7) was unconstitutionally applied *in that case.* We find material differences between Godfrey and the case under review, which distinguish this murder from the murder in Godfrey and from other "ordinary" murders for which the death penalty is not appropriate.

In our opinion in this case, we held that the trial court's finding beyond a reasonable doubt that the murder was outrageously and wantonly vile, horrible and inhuman in that it involved depravity of mind on the part of the defendant, was supported by the evidence. That evidence showed that appellant had had no quarrel with his victim. Rather the victim was killed simply because he had witnessed appellant's previous murder and appellant was afraid he would testify against him. While pretending they were still friends, appellant lured the victim into a vulnerable position and then shot him in the head. Aside from laughing during the killing itself, appellant showed no remorse thereafter but instead bragged about the killing and said he would kill the other witnesses when he got out of jail. Appellant's accomplice cut the victim's throat and appellant then burned the

---

[1]The judge found the existence of two statutory aggravating circumstances, Code Ann. §§ 27-2534.1 (b) (2) and 27-2534.1 (b) (7). In Godfrey, the court was concerned with a sentence of death resting exclusively on § 27-2534.1 (b) (7). Godfrey v. Georgia, 48 USLW 4541, n. 15. The other statutory aggravating circumstances are more "specific and measurable." Godfrey v. Georgia, 48 USLW 4541, 4542, n. 2. Therefore, under our decisions, the death penalty, infra, may be upheld upon § 27-2534.1 (b) (2). *Gates v. State,* 244 Ga. 587 (261 SE2d 349) (1979); *Burger v. State,* 245 Ga. 458 (265 SE2d 796) (1980).

body. A defendant who mutilates or seriously disfigures a victim's body after death (cf. Code Ann. § 26-1305), may be found to have a depraved mind and such acts would be sufficient to show depravity of mind of the defendant within the meaning of the statute. (See *Hance v. State,* 245 Ga. 856, decided June 24, 1980, after the main opinion in this case.) Appellant's actions in this case take this murder out of the category of "ordinary murders."

(b) The trial judge also found the existence of statutory aggravating circumstance Code Ann. § 27-2534.1 (b) (2) in that the Hall County murder was committed in the course of another capital offense, the Habersham County murder.

Subsequent to our decision in this case, but prior to transmittal of the remittitur to the trial court, the Supreme Court of the United States decided Standefer v. United States, 48 USLW 4634 (June 9, 1980). The following language from that case is relevant to our discussion in the main opinion of the effect of appellant's subsequent acquittal of the first murder in Habersham County:

"This case does no more than manifest the simple, if discomforting, reality that 'different juries (may) reach different results under any criminal statute. That is one of the consequences of our jury system.' Roth v. United States, 354 U. S. 476, 492 (1957). While symmetry of results may be intellectually satisfying, it is not required." 48 USLW at 4638.

*Judgment of affirmance of the death penalty adhered to. All the Justices concur, except Hill, J., who concurs in the judgment and in part (a) of the Addendum.*