## 43998. BROWNER v. THE STATE.

(357 SE2d 559)

BELL, Justice.

Ronald William Browner, the appellant, entered a guilty plea in Clayton County Superior Court to the murder of Vanessa Choice. The trial court denied Browner's subsequent motion to withdraw his guilty plea. This case is here to review the correctness of that denial.

Appellant originally was indicted on September 3, 1981, for the February 12, 1981, rape and murder. He retained Len A. Antinoro as counsel. Jury selection in his case was completed on February 25, 1982. On March 1, 1982, shortly before the beginning of the presentation of evidence, appellant discharged his attorney and the trial court granted a continuance. Antinoro subsequently was disbarred. *In the Matter of Len A. Antinoro*, 253 Ga. 464 (322 SE2d 895) (1984).

Appellant then retained Harold Spence as his attorney. On April 27, 1983, appellant entered a guilty plea on the murder charge. Before accepting the plea, the trial court informed the appellant that the state still would seek the death penalty; that the judge would determine later whether he or a jury would pronounce sentence; and that appellant would not as a matter of right be permitted to withdraw the plea once it was accepted. The court later ruled that sentence should be imposed by a jury, and set a new trial date. Spence subsequently was disbarred, *In the Matter of Harold W. Spence*, 254 Ga. 109 (326 SE2d 768) (1985), and new counsel was appointed on June 5, 1985. On November 18, 1985, appellant filed a motion to withdraw his guilty plea. The trial court denied appellant's motion. We granted Browner's application for interlocutory appeal after the trial court granted a certificate of immediate review.

1. The appellant argues that under *State v. Germany*, 246 Ga. 455 (1) (271 SE2d 851) (1980), he had an absolute right to withdraw his plea of guilty. We disagree. In *Fair v. State*, 245 Ga. 868 (8) (268 SE2d 316) (1980), we held that although OCGA § 17-7-93 states that criminal defendants have the right to withdraw guilty pleas at any time before judgment is pronounced, § 17-7-93 does not apply to guilty pleas entered in capital felony cases. In *Germany*, this court again interpreted § 17-7-93; on that occasion we set the oral pronouncement of sentence as the time after which a plea of guilty cannot be withdrawn as a matter of right. The appellant argues that the instant case is distinguishable from *Fair*, and hence is controlled by *Germany*, because in *Fair* we were concerned primarily with the problem of defendants who withdraw their guilty pleas after hearing the oral pronouncement of death. Here the sentence has not been pronounced and the presentencing trial has not been conducted. The holding in *Fair*, however, did not rest on our concern with the defend-

ant's right to withdraw his plea after oral sentence was pronounced.[1] Instead, we addressed the role of plea bargaining in the acceptance of guilty pleas in non-capital cases, and the relationship of the right to withdraw a guilty plea to that process. We concluded that there is no plea bargaining involved in a case where the state announces its intent to seek the death penalty, notwithstanding the entry of a guilty plea, and there is no purpose in allowing a defendant to withdraw his guilty plea. *Fair*, supra, 245 Ga. at 877-878. Our reasoning in *Fair* is no less applicable in this case. The right to withdraw a guilty plea prior to sentencing has a necessary role in the plea bargaining process, *Smith v. State*, 231 Ga. 23, 25 (200 SE2d 119) (1973), that is not present in a capital felony case in which the trial court has plainly disclosed to the defendant the possibility that the death penalty may be imposed.[2] We reaffirm our previous holding that a defendant does not have the right in a case in which the state seeks the death penalty to withdraw a guilty plea voluntarily and knowingly entered.

2. The appellant further contends that the trial court lacked the authority to order a jury trial on the sentence to be imposed. At issue is the language in OCGA § 17-10-32, which provides, "Any person who has been indicted for an offense punishable by death may enter a plea of guilty at any time after the indictment, and the judge of the superior court having jurisdiction *may*, in his discretion, sentence the person to life imprisonment or to any other punishment authorized by law for the offense named in the indictment; provided, however, that the judge must find one of the statutory aggravating circumstances provided in Code Section 17-10-30 before imposing the death penalty, except in cases of treason or aircraft hijacking." (Emphasis supplied.) The appellant argues that § 17-10-32's use of the word "may" applies only to the judge's option concerning the type of sentence to impose on the defendant. The state, however, contends that the word "may" gives the judge the discretion to handle the sentencing himself or to leave the sentencing for jury determination.

In *Hooks v. State*, 233 Ga. 149 (6) (210 SE2d 668) (1974), we held there is no requirement under Georgia law that a jury must render a verdict on the defendant's sentence. Similarly, there is no prohibition

---

[1] In fact, in footnote 5 of *Fair*, supra, 245 Ga. at 878, we specifically noted that "[n]othing herein should be construed as approval by this court of the Court of Appeals' interpretation of Code Ann. § 27-1404 [OCGA § 17-7-93] as permitting withdrawal of a guilty plea after sentence is orally pronounced." With this caveat we made clear that our silence on this issue was not to be construed as an implicit approval of the Court of Appeals' construction of § 17-7-93. That issue was reserved for later decision, and was resolved in *Germany*, supra, 246 Ga.

[2] Although both *Fair* and *Germany* predated the adoption of the Uniform Rules for the Superior Courts, 252 Ga. 801, effective July 1, 1985, nothing in those rules relating to the acceptance of guilty pleas, see Rule 33, supra, 252 Ga. at 859, overrules our holding in *Fair*.

in the statute against impaneling a jury to render a sentencing verdict in cases where a guilty plea has been entered and the state intends to seek the death penalty,[3] and the most reasonable construction of the statute is to allow the judge that discretion. Therefore, we hold that OCGA § 17-10-32 does not require that the trial court render the sentencing verdict in a death penalty case.

3. Appellant contends that the trial court should have allowed him to withdraw his guilty plea to prevent a manifest injustice. See Uniform Rules for the Superior Courts, Rule 33.12, 253 Ga. 801, 864. Under the circumstances of this case, we agree. Here, Browner has had two attorneys who have been disbarred, and he was not present at two conferences discussing the complexities of his guilty plea — in particular, whether the judge or a jury would impose sentence, a matter of substantial importance to him. We therefore conclude that it would be manifestly unjust not to permit Browner to withdraw his guilty plea.

4. We find two other matters which merit discussion. First, although we have held that a trial court has discretion, after accepting a guilty plea in a death penalty case, to impose sentence or to have a jury do so, we conclude that a defendant should be informed of the trial court's decision regarding who will impose sentence before he enters his guilty plea. We reach this conclusion because the question of who will impose sentence would be the primary concern of a defendant in a death penalty case in determining whether to enter a plea of guilty.

5. Finally, appellant contends that the trial court erred in ruling certain evidence admissible in aggravation at the sentencing phase of the trial. The evidence challenged by appellant concerns rape and assault charges against him in Fulton County four months after the crime for which he was charged in this case. Appellant argues that extrinsic offenses are not admissible unless they are contemporaneous with the current charges or occurred prior to the current charges. He further contends that the evidence should not have been admitted because he has not been convicted of the Fulton County charges.

Because this issue may arise again if Browner is found guilty, we will resolve it now. Initially, we note that there is no requirement in this state that a defendant must have been convicted of a crime in order for the state to be able to introduce evidence of it in aggravation. *Hooks v. State*, supra at (5); *Collier v. State*, 244 Ga. 553 (9) (261 SE2d 364) (1979); *Devier v. State*, 253 Ga. 604 (a) (323 SE2d 150) (1984). Moreover, the evidence in question is not inadmissible

---

[3] This procedure has been previously followed, see *Curry v. State*, 255 Ga. 215 (336 SE2d 762) (1985), although until today this court has not specifically addressed the propriety of it.

simply because it relates to a crime occurring after the one for which the accused is on trial. *Fair v. State*, supra, 245 Ga. (4) at 873-874. See also *Blanks v. State*, 254 Ga. 420 (4) (330 SE2d 575) (1985). Finally, although the evidence can be used in aggravation of punishment, it cannot be used to prove the OCGA § 17-10-30 (b) (7) aggravating circumstance, as the evidence proving that aggravating circumstance must concern "[t]he offense," OCGA § 17-10-30 (b) (7), for which the death penalty is sought. See *Hance v. State*, 245 Ga. 856 (3) (268 SE2d 339) (1980); *Harris v. State*, 237 Ga. 718, 731-733 (230 SE2d 1) (1976).

*Judgment reversed. All the Justices concur, except Hunt, J., who concurs in the judgment only.*

DECIDED JUNE 18, 1987 —
RECONSIDERATION DENIED JULY 30, 1987.

*Cowen & Cowen, Martin L. Cowen III,* for appellant.
*Robert E. Keller, District Attorney, Todd E. Naugle, Assistant District Attorney, Michael J. Bowers, Attorney General, Paula K. Smith, Assistant Attorney General,* for appellee.